1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DIANE BEALL FKA TEMPLIN,

                    Plaintiff,

    vs.

QUALITY LOAN SERVICE CORP.;
ONEWEST BANK, F.S.B.; and DOES 1-10,

                    Defendants.

CASE NO. 10-CV-1900-IEG (WVG)

**ORDER DENYING PLAINTIFF'S
EX PARTE MOTION FOR
TEMPORARY RESTRAINING
ORDER AND PRELIMINARY
INJUNCTION**

[Doc. No. 3]

      Presently before the Court is Plaintiff Diane Beall's motion for temporary restraining order and preliminary injunction, seeking the enjoinment of a foreclosure sale.  (Doc. No. 3.)   For the reasons set forth below, the Court DENIES Plaintiff's motion.

## BACKGROUND

      This case involves a loan obtained by Plaintiff, which is secured by a Deed of Trust on her property.  A foreclosure sale is currently set for September 17, 2010.  On September 13, 2010, Plaintiff proceeding *pro se* filed a Complaint against Defendant OneWest Bank, F.S.B. ("OneWest"), the purported current beneficiary of the loan, and Defendant Quality Loan Service Corp. ("Quality Loan Service"), the purported current Trustee.

      The Complaint sets forth twenty causes of action: (1) violation of the Truth in Lending Act, (2) violation of the California Rosenthal Fair Debt Collection Practices Act, (3) violation of the Fair Debt Collection Practices Act; (4) violation of California Civil Code §§ 1916.7 and 1918.5-1921, (5)

10v1900

wrongful foreclosure, (6) violation of the Real Estate Settlement Procedures Act, (7) breach of fiduciary duty, (8) fraud, (9) negligent misrepresentation, (10) violation of California Business and Professions Code § 17200, (11) breach of contract, (12) breach of implied covenant of good faith and fair dealing, (13) violation of California Civil Code § 2923.5, (14) quiet title/lis pendens, (15) rescission, (16) accounting, (17) constitutional violations, (18) civil rights violations, (19) declaratory relief, and (20) preliminary injunction.  Along with the Complaint, Plaintiff filed the instant motion for a temporary restraining order and preliminary injunction, seeking this Court's order enjoining the foreclosure sale.[1]  (Doc. No. 3.)

## LEGAL STANDARD

In determining whether to grant a temporary restraining order or preliminary injunction, the Court applies the preliminary injunction standard articulated in Winter v. Natural Res. Def. Council, Inc., — U.S. —, 129 S.Ct. 365 (2008).  A party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  Id. at 374.  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Id. at 375-76.

## DISCUSSION

Plaintiff has failed to show the requisite likelihood of success on the merits to warrant equitable relief.  Notably, a party moving for injunctive relief must demonstrate irreparable injury is "likely" in the absence of an injunction, rather than merely possible.  See id. at 375.

The primary basis for Plaintiff's motion is that OneWest does not have standing to foreclose, because neither the Note nor Deed of Trust was assigned to OneWest.  Plaintiff submits recorded documents relating to the property, as well as a Declaration from a forensic title and financial auditor who has reviewed these documents.  Contrary to Plaintiff's contention, the recorded documents indicate the original lender assigned the Deed of Trust and Note to OneWest.  On July 20, 2003, Plaintiff signed a promissory note for $144,800 with the original lender, IndyMac Bank, F.S.B.,

---

[1] In the motion, Plaintiff states she has given notice of the motion to Defendants.  There is no accompanying proof of service.

secured by a Deed of Trust on her property. The Deed of Trust indicates the original Trustee was First American Title Insurance Company. On March 10, 2010, a Corporate Assignment of Deed of Trust was recorded, stating the Federal Deposit Insurance Corporation, as receiver for IndyMac Federal Bank, F.S.B., successor to original lender IndyMac Bank, F.S.B., assigned the Deed of Trust and Note to OneWest. On May 25, 2010, Quality Loan Service recorded a Notice of Default. On July 7, 2010, a Substitution of Trustee was recorded, substituting Quality Loan Service as Trustee under the Deed of Trust in place of the original Trustee, First American Title Insurance Company. On August 27, 2010, Quality Loan Service filed a Notice of Trustee's Sale. Based on these documents, Plaintiff is not likely to prevail on her argument that OneWest is not the beneficiary of the Note and Deed of Trust.

Although Quality Loan Services filed the Notice of Default before the Substitution of Trustee was recorded, Plaintiff cites no authority suggesting this is grounds for invalidating the foreclosure sale. Under California law, Quality Loan Service, as agent of the beneficiary, was permitted to initiate the foreclosure sale. California Civil Code § 2924(a)(1), which sets forth the comprehensive statutory scheme governing non-judicial foreclosure sales, permits the foreclosure process to be conducted by the "trustee, mortgagee or beneficiary *or any of their authorized agents*." Cal. Civ. Code § 2924(a)(1) (emphasis added). In addition, Section 2934a(b) expressly addresses the situation where "the substitution is effected after a notice of default has been recorded but prior to the recording of the notice of sale." Id. § 2934(a)(b). In such situation, "the beneficiary . . . shall cause a copy of the substitution to be mailed, prior to the recording thereof, in the manner provided in Section 2924b, to the trustee then of record." Id. Here, the documents submitted to the Court indicate Defendants complied with this requirement. The "Affidavit of Mailing for Substitution of Trustee," dated June 18, 2010, states Quality Loan Service as agent for the beneficiary caused a copy of the Substitution of Trustee to be mailed to the trustee of record.

Plaintiff also argues Deustche Bank National Trust Company is in possession of the actual Note, not OneWest. Even if this is true, possession or production of the original promissory note is not required in order to initiate a non-judicial foreclosure sale. See, e.g., Cal. Civ. Code 2924; Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009); Blanco v. Am.

Home Mortg. Servicing, Inc., 2009 WL 4674904, at *9 (E.D. Cal. Dec. 4, 2009); Wood v. Aegis Wholesale Corp., 2009 WL 1948844, at *4 (E.D. Cal. July 6, 2009).  Courts have reasoned that the detailed non-judicial foreclosure procedures provided by California Civil Code §§ 2924-2924k are exhaustive, and these procedures do not require possession and production of the note.  See Moeller v. Lien, 30 Cal. Rptr. 2d 777 (1994).

Finally, the Complaint and attached documents also fail to demonstrate Plaintiff is likely to succeed as to the merits.[1]  As an initial matter, many of Plaintiff's causes of action provide only for monetary relief, not injunctive relief.  Also, because Plaintiff filed this Complaint seven years after signing the promissory note, many of the claims are barred by the statute of limitations.  In addition to the reasons set forth earlier, Plaintiff has not demonstrated likelihood of success as to the wrongful foreclosure, rescission, or quiet title causes of action because the Complaint fails to allege Plaintiff is able and willing to tender the underlying debt.  Under California law, "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction."  Fleming v. Kagan, 11 Cal. Rptr. 737, 740 (Ct. App. 1961); see also Karlsen v. Am. Sav. & Loan Assn., 92 Cal. Rptr. 851, 854 (Ct. App. 1971).  Also, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  Shimpones v. Stickney, 219 Cal. 637, 649 (1934).

Because Plaintiff has failed to show the requisite likelihood of success on the merits, the Court does not consider the remaining three factors.

//

//

//

//

//

//

---

[1] Plaintiff contends the Complaint and attached documents show Defendants lack standing to foreclose, but fails to provide any supporting analysis.

10v1900

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff has not carried her burden of showing that a temporary restraining order or preliminary injunction should be issued.  Accordingly, the Court DENIES Plaintiff's motion.  The hearing on the motion for preliminary injunction scheduled for October 18, 2010 is vacated.

**IT IS SO ORDERED.**

**DATED:  September 16, 2010**

**IRMA E. GONZALEZ, Chief Judge
United States District Court**

10v1900