DAVID R. ZARO (BAR NO. 124334)
RYAN T. WAGGONER (BAR NO. 251694)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone:   (213) 622-5555
Fax:     (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
         rwaggoner@allenmatkins.com

Attorneys for Defendant
ONEWEST BANK, FSB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AT SAN DIEGO

| | |
|---|---|
| DIANE BEALL fka TEMPLIN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP.;<br>ONEWEST BANK, F.S.B.; and<br>DOES 1-10,<br>　　　　　　Defendants. | Case No. 10-CV-1900 IEG(WVG)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]<br><br>Date:　March 7, 2011<br>Time:　10:30 a.m.<br>Ctrm:　1<br>Judge:　Hon. Irma E. Gonzalez |

　　　Defendant OneWest Bank, FSB ("OneWest") submits the following memorandum of points and authorities in support of its motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Diane Beall fka Templin ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for an order requiring Plaintiff to provide a more definite statement of her claims, pursuant to Federal Rules of Civil Procedure, Rule 12(e).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

883433.01/LA

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS; Case No. 10-CV-1900 IEG(WVG)

## TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. FACTUAL ALLEGATIONS IN THE FAC | 1 |
| III. STANDARD FOR RULE 12(b)(6) MOTION | 3 |
| IV. LEGAL ARGUMENT | 4 |
|     A. Plaintiff's Claims for Violation of Civil Code § 2923.5 and Injunctive Relief Are Barred by *Res Judicata* | 4 |
|     B. OneWest is not Liable for the Alleged Bad Acts of IndyMac | 4 |
|     C. The FAC Fails to State a Claim for Wrongful Foreclosure | 6 |
|         1. The Foreclosure Sale Has Not Taken Place | 6 |
|         2. Non-Judicial Foreclosures Under California Law | 6 |
|         3. A Substituted Trustee Is Not Required to Record Any Papers before Commencing a Non-Judicial Foreclosure | 8 |
|     D. The FAC Fails to State a Claim for Quiet Title | 8 |
|     E. The FAC Fails to State a Claim for Violation of RESPA | 9 |
|     F. The FAC Fails to State a Claim for Fraud | 10 |
|     G. The FAC Fails to State a Claim for Violation of Business and Professions Code § 17200 | 11 |
|     H. The FAC Fails to State a Claim for Rescission | 12 |
|     I. The FAC Fails to State a Claim for Violation of the Truth in Lending Act | 12 |
|     J. The FAC Fails to State a Claim for Accounting | 13 |
| V. PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ANY REMAINING CLAIMS | 14 |
| VI. CONCLUSION | 14 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

883433.01/LA

(i)

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS; Case No. 10-CV-1900 IEG(WVG)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Aguilar v. Bocci, 39 Cal.App.3d 475 (1974) ................................................................. 9

Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009) ................................................... 3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ............................................. 3, 14

Benham v. Aurora Loan Services
   No. C-09-2059 SD, 2010 WL 532685 (N.D. Cal. Feb 9, 2010) ................... 7

Benito v. IndyMac Mortgage Services,
   2010 WL 2130648 (D. Nev. May 21, 2010) .............................................. 4, 5

Betancourt v. Countrywide Home Loans, Inc.,
   344 F.Supp.2d 1253 (D. Colo. 2004) ............................................................ 12

Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994) ............................................................ 3

Champlaie v. BAC Home Loans Servicing, L.P.,
   2009 WL 3429622 (E.D. Cal.Oct. 22, 2009) ................................................. 9

Decker v. Glenfeld, Inc., 42 F.3d 1541 (9th Cir. 1994) .............................................. 10

Durning v. First Boston Corp., 815 F.2d 1265 (9th Cir. 1987) ............................. 3, 11

Eubanks v. Liberty Mortgage Banking, Ltd.,
   976 F.Supp. 171 (E.D.N.Y. 1997) ................................................................ 12

Fontana Land Co. v. Laughlin, 199 Cal. 625 (1926) ................................................... 9

Hernandez v. First American Loanstart Trustee Services,
   2010 WL 1445192 (S.D. Cal. Apr. 12, 2010.) ............................................. 13

Hutchinson v. Delaware Sav. Bank FSB,
   410 F.Supp.2d 374 (D.N.J. 2006) ................................................................. 10

Hutson v. American Home Mortgage Servicing, Inc.,
   2009 WL 3353312, (N.D. Cal. 2009) ........................................................... 12

Kays v. Bundy, 92 Cal.App.2d 497 (1949) .................................................................... 9

Kelley v. Mortgage Electronic Registration Systems, Inc.,
   2009 WL 2475703, (N.D. Cal. 2009) ........................................................... 11

Kennedy v. Mainland Sav. Ass'n., 41 F.3d 986 (5th Cir. 1994) .................................. 5

King v. California, 784 F.2d 910 (9th Cir. 1986) ....................................................... 13

Mathis v. Pacific Gas & Elec. Co., 75 F.3d 498 (9th Cir. 1996) ................................. 4

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

883433.01/LA

(ii)

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS; Case No. 10-CV-1900 IEG(WVG)

**Page(s)**

Meyer v. Ameriquest Mortgage Co., 342 F.3d 899 (9th Cir. 1971) ....................... 13

Moeller v. Lien, 25 Cal.App.4th 822 (1994) ................................................................6

Parcray v. Shea Mortg., Inc., WL 1659369 (E.D. Cal. Apr. 23, 2010) ...................7

Payne v. Security Sav. & Loan Ass'n, 924 F.2d 109 (7th Cir. 1991) ................. 4, 5

Pickard v. WMC Mortg. Corp.,
    2009 WL 3416134 (E.D. Cal. Oct. 21, 2009)............................................. 10

Putkkuri v. Recontrust Co., 2009 WL 32567 (S.D. Cal., Jan. 5, 2009).................8

Ray v. Alad Corp., 19 Cal.3d 22 (1977) .....................................................................6

Ricon v. Recontrust Co., 2009 WL 2407396 (S.D. Cal. 2009) ............................. 10

Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530 (9th Cir. 1984).................3

Roque v. Suntrust Mortg., Inc.,
    2010 WL 546896 (N.D. Cal. Feb. 10, 2010) ............................................. 7, 8

Rosenfeld v. JPMorgan Chase, N.A.,
    --- F.Supp.2d ---, 2010 WL 3155808 (N.D. Cal. Aug. 9, 2010)......................6

Saxon Mortg. Services, Inc. v. Hillery,
    2009 WL 2435926 (N.D. Cal. Aug. 3, 2009) ................................................8

Singh v. Wells Fargo Bank, N.A., 2009 WL 2365881, (N.D. Cal. 2009).............. 12

Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group,
    Inc., 156 F.Supp.2d 1148 (C.D. Cal. 2001) ..................................................3

Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007)............................................. 10

Ung v. Koehler, 135 Cal.App.4th 186 (2005).............................................................7

Union Bank v. Superior Court (Demetry), 31 Cal.App.4th 573 (1995) ................ 13

United States v. Ritchie, 342 F.3d 903 (9th Cir. 2003) ............................................3

Van Winkle v. Allstate Ins. Co., 290 F.Supp.2d 1158 (C.D. Cal. 2003)...................3

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003)............................ 10

Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir. 2003).......................... 12

**Statutes**

103 Stat. 183, the Financial Institutions Reform, Recovery and
    Enforcement Act of 1989, Pub. L. No. 101-73 ("FIRREA") ........................4

12 U.S.C. § 1821 ..........................................................................................................4

**Page(s)**

12 U.S.C. § 2605 .................................................................................................. 10

12 U.S.C. § 2614 ................................................................................................... 9

15 U.S.C. § 1640 .................................................................................................. 12

California Civil Code, § 2924 ............................................................................... 7

California Civil Code, § 2934 ............................................................................... 8

**Regulations**

12 C.F.R. § 226.2 ................................................................................................. 12

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

883433.01/LA         (iv)         MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS; Case No. 10-CV-1900 IEG(WVG)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff's FAC fails to cure the legal deficiencies contained in her original Complaint. The FAC alleges ten causes of action, two of which this Court previously dismissed with prejudice: (1) Wrongful Foreclosure, (2) Quiet Title, (3) Violation of Real Estate Settlement Procedures Act ("RESPA"), (4) Fraud, (5) Violation of California Business and Professions Code § 17200, (6) Rescission, (7) Violation of Truth in Lending Act ("TILA"), (8) Violation of California Civil Code § 2923.5 (previously dismissed with prejudice), (9) Injunctive Relief (previously dismissed with prejudice), and (10) Accounting.

The gravamen of Plaintiff's claims principally rest on two allegations: a loan broker employed nefarious tactics to encourage Plaintiff to enter a mortgage loan transaction, and unspecified parties committed irregularities during foreclosure proceedings following Plaintiff's admitted default on her mortgage loan. Plaintiff's bald, conclusory claims lack any factual or legal support and are thus insufficient to state a claim for relief.

The FAC represents Plaintiff's second unsuccessful attempt to allege a cause of action against OneWest. Accordingly, OneWest respectfully requests an order, pursuant to Federal Rules of Civil Procedure 12(b)(6), dismissing each of the ten causes of action in the FAC with prejudice or, in the alternative, an order requiring Plaintiff to provide a more definite statement of her claims, pursuant to Federal Rules of Civil Procedure, Rule 12(e).

## II. FACTUAL ALLEGATIONS IN THE FAC.

Plaintiff alleges that in 2003 an individual named "Steiner" inquired whether she was interested in a mortgage loan. (FAC, ¶ 19.) Plaintiff contends that Steiner was an agent of IndyMac Bank, FSB ("IndyMac"). (FAC, ¶ 19.) Plaintiff claims that Steiner assured her that he could broker a mortgage loan transaction "that would not require her to verify anything." (FAC, ¶ 19.) Plaintiff alleges that she entered

the mortgage loan transaction to purchase a single family residence located at 16377 Arnold Avenue, Lake Elsinore, California ("Property"). (FAC, ¶ 20; Request for Judicial Notice ["RJN"], Exhibit "A.")

Plaintiff contends that "Defendants' agents" failed to provide her with a right of rescission or loan documents. (FAC, ¶ 21.) Plaintiff claims that she moved into the Property in July 2003 and thereafter discovered various undisclosed defects on the Property, including septic tank problems and defective central heating. (FAC, ¶ 23.) Plaintiff alleges that she rented out rooms at the Property in order to pay for costs and repairs. (FAC, ¶ 24.) Plaintiff alleges that she suffered a compound fracture to her ankle in 2009 and thereafter defaulted on her monthly mortgage payments. (FAC, ¶ 25.)

On July 11, 2009, the Office of Thrift Supervision closed IndyMac, appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver for IndyMac under 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5), chartered a new institution, IndyMac Federal Bank, FSB ("IndyMac Federal"), as successor-in-interest, and appointed the FDIC as Conservator to operate the new institution. On January 21, 2010, the FDIC, as receiver for IndyMac Federal, assigned the Deed of Trust and Note related to Plaintiff's loan to OneWest. (RJN, Exhibit "B.")

On March 10, 2010, the FDIC, as receiver for IndyMac Federal, recorded a Corporate Assignment of Deed of Trust, assigning the Deed of Trust and Note to OneWest. (RJN, Exhibit "B."). On May 25, 2010, co-defendant Quality Loan Service Corporation ("Quality") recorded a Notice of Default. (RJN, Exhibit "C.") On July 7, 2010, a Substitution of Trustee was recorded that substituted Quality as Trustee under the Deed of Trust in place of the original Trustee, First American Title Insurance Company. (RJN, Exhibit "D.") On August 27, Quality filed a Notice of Trustee's Sale (RJN, Exhibit "E.") A review of the public record reflects that a Trustee's Sale has not yet taken place.

### III. STANDARD FOR RULE 12(b)(6) MOTION.

"A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true the factual allegations of the complaint; however, "a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast as factual allegations." Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc., 156 F.Supp.2d 1148, 1153 (C.D. Cal. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). The pleading standard which a complaint must satisfy "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

Finally, for a Rule 12(b)(6) motion, a court generally cannot consider material outside the compliant. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994). A court may, however, consider exhibits submitted with the complaint. Van Winkle v. Allstate Ins. Co., 290 F.Supp.2d 1158, 1162 n.2 (C.D. Cal. 2003). A court may treat such document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). A court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Thus, this Court may consider pertinent loan and foreclosure documents submitted by Plaintiff and OneWest.

## IV. LEGAL ARGUMENT.

### A. Plaintiff's Claims for Violation of Civil Code § 2923.5 and Injunctive Relief Are Barred by *Res Judicata*.

This Court previously dismissed with prejudice Plaintiff's claims for Violation of Civil Code § 2923.5 and Injunctive Relief. (ECF Doc. # 8.) These claims are thus barred by *res judicata*. Mathis v. Pacific Gas & Elec. Co., 75 F.3d 498, 504 (9th Cir. 1996).

### B. OneWest is not Liable for the Alleged Bad Acts of IndyMac.

OneWest is not responsible for the alleged bad acts of IndyMac. By way of background, when the FDIC is appointed as Receiver over a failed institution, it succeeds to "all rights, titles, powers and privileges of the failed institution, and may take over the assets of and operate the failed institution with all powers thereof." 12 U.S.C. § 1821(d)(2)(A)(i). The FDIC-Receiver's powers under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), include the power to transfer assets and liabilities of the failed institution through purchase and assumption agreements. Id. "***Absent an express transfer of liability by the [Receiver] and an express assumption of liability… the Receiver is the proper successor***" to liability issues. Payne v. Security Sav. & Loan Ass'n, 924 F.2d 109, 111 (7th Cir. 1991) (emphasis added).

Binding federal precedent establishes that the agreements between OneWest and the FDIC do not transfer liability to OneWest in connection with the purchase and servicing of loans originated by IndyMac. Ninth Circuit precedent is clear: "***[P]ursuant to OneWest's agreements with FDIC, OneWest assumed no liabilities arising out of any dispute with Indymac or Indymac Federal.***" Benito v. IndyMac Mortgage Services 2010 WL 2130648, at *1 (D. Nev. May 21, 2010). Indeed, the court noted that "all the origination claims arise from IndyMac's conduct, and OneWest did not assume those liabilities in its purchase from FDIC." Id.

In <u>Benito</u>, after analyzing the applicable agreements and reviewing the FDIC's powers under federal law when it is appointed as the conservator for a failed savings bank, the court concluded that OneWest could not be liable for the tort claims alleged by plaintiffs. The <u>Benito</u> court first recognized that courts uniformly have held that an entity that purchases an asset of a failed institution from the FDIC is not liable for the conduct of either the receiver or the failed institution relating to such loan, "unless the liability is transferred and assumed" citing <u>Kennedy v. Mainland Sav. Ass'n</u>, 41 F.3d 986, 990-91 (5th Cir. 1994).

The court reviewed the agreements under which OneWest acquired both loans and loan servicing rights formerly held by IndyMac. The court concluded that these agreements make clear that OneWest would not assume or be responsible for any liabilities or obligations relating to loans or loan servicing rights acquired by OneWest attributable to an act, omission or circumstances that occurred or existed before IndyMac's closure on March 19, 2009. Thus, concluded the <u>Benito</u> court, OneWest could not be liable as a matter of law on the tort and other claims asserted by plaintiffs, all of which were based upon loan-origination or loan-related conduct that occurred before OneWest's acquisition of the loans or loan servicing rights in question. As the court held, "This design facilitates the sale of a failed institution's assets (and thus helps to minimize the government's financial exposure) by allowing the FDIC to absorb liabilities itself and guarantee potential purchasers that the assets they buy are not encumbered by additional financial obligations" citing <u>Payne v. Sec. Sav. & Loan Ass'n, F.A.</u>, 924 F.2d 109, 111(7th Cir. 1991).

Finally, and as a general rule, a corporation that purchases the principal assets of another corporation does <u>not</u> assume the seller's liabilities *unless* (1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts. <u>Ray v. Alad Corp.</u>,

19 Cal.3d 22, 28 (1977). Here, the FAC alleges no facts to suggest that OneWest agreed to assume any liabilities for Plaintiff's loan, that IndyMac and OneWest merged, that OneWest is the "mere continuation" of IndyMac, or that the FDIC transferred assets to OneWest for the fraudulent purpose of escaping liability. Plaintiff has not pled in the FAC, nor would she ever be able to prove, such a theory of successor liability.

### C. The FAC Fails to State a Claim for Wrongful Foreclosure.

#### 1. The Foreclosure Sale Has Not Taken Place.

Nothing in the record demonstrates that the Property has been sold at a Trustee's Sale. Because Plaintiff failed to allege that a Trustee's Sale has in fact occurred, her wrongful foreclosure claim fails for being premature. Rosenfeld v. JPMorgan Chase, N.A., --- F.Supp.2d ---, 2010 WL 3155808, at *5 (N.D. Cal. Aug. 9, 2010). Even assuming the Trustee's Sale has taken place, Plaintiff's wrongful foreclosure sale claim still fails.

#### 2. Non-Judicial Foreclosures Under California Law.

Plaintiff again misconstrues the law governing non-judicial foreclosures in California. Non-judicial foreclosures are exclusively governed by the statutory scheme set forth in California Civil Code section 2924, *et seq.* ("California Foreclosure Laws"). See Moeller v. Lien 25 Cal.App.4th 822, 830 (1994) ("Civil Code sections 2924 through 2924k[1] provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust."). Every legal requirement for non-judicial foreclosures is set forth in these California Foreclosure Laws. In other words foreclosing entities must comply with California Foreclosure Laws, and nothing more, in order to properly

---

[1] California Civil Code section 2924*l*, which is part of the current non-judicial foreclosure scheme, was adopted in 1995 and therefore not included in the 1994 decision of the Moeller court. Subsequent cases have recognized that 2924*l* is part of the current non-judicial foreclosure statutory scheme. See Ung v. Koehler 135 Cal.App.4th 186, 192 (2005) (describing the statutory scheme as Civil Code sections 2924 through 2924*l*).

commence a non-judicial foreclosure in the State of California. See Parcray v. Shea Mortg., Inc., No. CV-F-09-1942, 2010 WL 1659369, at *12 (E.D. Cal. Apr. 23, 2010) (rejecting plaintiff's assertion that trustee must comply with California Civil Code section 2932.5 to properly conduct a non-judicial foreclosure under a deed of trust) (citing Roque v. Suntrust Mortg., Inc. No. C-09-00040 RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010)). Thus, the Court should only look to California Foreclosure Laws to determine whether parties are properly commencing and conducting non-judicial foreclosures.

Section 2924(a)(1) of the California Foreclosure Laws provides that, where the deed of trust expressly grants a power of sale to the trustee, a non-judicial foreclosure may be initiated by the recording of a notice of default and election to sell by a "trustee, mortgagee, or beneficiary, or any of their authorized agents." Cal. Civ. Code 2924(a)(1); Ung, 135 Cal.App.4th at 192. The deed of trust does not need to expressly grant the power of sale to the nominee beneficiary in order for a nominee beneficiary to be authorized to commence a trustee's sale; it suffices that the power is given to the trustee. Indeed, as reflected by section 2924a under the power of sale, the sale itself may be conducted by an attorney or other authorized agent of the trustee. Cal. Civ. Code 2924a; Ung, 135 Cal.App.4th at 192. For its part, a beneficiary or an authorized agent of the beneficiary, may commence a trustee's sale based *solely* on the power of sale granted to the *trustee* in the deed of trust. And Plaintiff's Deed of Trust *expressly grants* a power of sale to the *trustee*, and therefore section 2924(a)(1) applies. (See RJN, Exhibit "A.")

In fact, numerous California courts have held that a nominee beneficiary is duly authorized to commence a trustee's sale. See Benham v. Aurora Loan Services No. C-09-2059 SD, 2010 WL 532685 (N.D. Cal. Feb 9, 2010) ("As beneficiary under the Deed of Trust, MERS was free to make a substitution of the trustee in order to conduct the foreclosure sale."); Saxon Mortg. Services, Inc. v. Hillery No.

C-08-4357 EMC, 2009 WL 2435926, at *5 (N.D. Cal. Aug. 3, 2009) (beneficiary of note assigned to it by MERS had right to conduct trustee's sale).

### 3. A Substituted Trustee Is Not Required to Record Any Papers before Commencing a Non-Judicial Foreclosure.

Plaintiff's allegation that the foreclosure is defective because Quality recorded a Notice of Default before a Substitution of Trustee was filed is of no consequence. The requirements for a trustee's sale are exclusively set forth in the California Foreclosure Laws, and because those laws do not require a "trustee, mortgagee, beneficiary, or their agents" to prove or record its authority prior to commencing a non-judicial foreclosure, it necessarily follows that no such requirement exists. Indeed, California law does *not* require the note or the "chain of ownership" of a note secured by real property be recorded. <u>Roque v. Suntrust Mortg., Inc</u>. No. C-09-00040, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010) ("Uniformly among courts, production of the Note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required.") (citing <u>Putkkuri v. Recontrust Co</u>. No. 08cv1919, 2009 WL 32567, at *2 (S.D. Cal., Jan. 5, 2009)).

There is also no requirement that the assignment of any rights and interests in a deed of trust be recorded. Cal. Civ. Code § 2934 ("assignment of the beneficial interest under a deed of trust *may* be recorded") (emphasis added). And nowhere does California law require that the relationship between a beneficiary and its authorized agents be recorded. Thus, Plaintiff's allegation that Quality recorded a Notice of Default without first recording a Substitution of Trustee is irrelevant. Plaintiff's mischaracterization of California Foreclosure Laws should not – and must not – be countenanced by this Court. Plaintiff cannot allege facts to state a wrongful foreclosure claim.

### D. The FAC Fails to State a Claim for Quiet Title.

The Second Cause of Action seeks to quiet title in Plaintiff's name and set aside the foreclosure sale. However, the law is settled that "a mortgagor may not

quiet title against a mortgage unless and until he pays his debt secured by the mortgage." Kays v. Bundy, 92 Cal.App.2d 497, 499 (1949), citing Fontana Land Co. v. Laughlin, 199 Cal. 625, 639 (1926). Plaintiff cannot simply "quiet title without discharging [their] debt. The cloud upon [their] title persists until the debt is paid." Aguilar v. Bocci, 39 Cal.App.3d 475, 477 (1974). Here, it is clear from the FAC that Plaintiff has not paid her debt and, therefore, cannot advance a claim for quiet title.

### E. The FAC Fails to State a Claim for Violation of RESPA.

Plaintiff's Fifth Cause of Action alleges two violations of RESPA, 12 U.S.C. §§ 2601 -2617. First, at the time of the loan's closing, Plaintiff alleges that an unspecified Defendant failed to provide a servicing statement as required under 12 U.S.C. § 2605(a). (FAC, ¶ 21.) Second, Plaintiff alleges that an unspecified Defendant failed to properly respond to a Qualified Written Request ("QWR") as required by 12 U.S.C. § 2605(e).

Plaintiff's RESPA claim is time-barred. Claims of failure to provide disclosures at the closing of a loan must be brought within three years of the loan's consummation. 12 U.S.C. § 2614. Here, Plaintiff obtained her loan in July 2003. (FAC, ¶¶ 18, 22.) Plaintiff's claim therefore expired in July 2006. Plaintiff failed to file this lawsuit until September 2010, well after the expiration of the limitations period.

Furthermore, Plaintiff's allegation that an unspecified Defendant failed to properly respond to her QWR does not state a claim for relief under RESPA. Numerous courts have dismissed similar claims, requiring plaintiffs to plead specific facts in order to state a claim for relief under RESPA. See, e.g., Champlaie v. BAC Home Loans Servicing, L.P., 2009 WL 3429622, at *7 (E.D. Cal.Oct. 22, 2009) (plaintiff failed to allege the purported QWR requested information related to servicing); Pickard v. WMC Mortg. Corp., 2009 WL 3416134, at *8 (E.D. Cal. Oct.

21, 2009) (plaintiff failed to describe the purported QWR, attach the QWR, allege to whom such writing was sent, and allege actual damages).

Finally, merely alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at minimum, also allege that the breach resulted in actual damages. See 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); Hutchinson v. Delaware Sav. Bank FSB, 410 F.Supp.2d 374, 383 (D.N.J. 2006). Plaintiff fails to explain what damages she incurred as a result of the unspecified Defendants' failure to properly respond to her QWR.

### F. The FAC Fails to State a Claim for Fraud.

Allegations of fraud must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires allegations of "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." A plaintiff must therefore include "the who, what, when, where, and how of the fraud." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citation omitted). A "plaintiff must set forth what is false or misleading about a [specific] statement, and why it is false." Decker v. Glenfeld, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

Further, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Ricon v. Recontrust Co., 2009 WL 2407396, *3 (S.D. Cal. 2009); Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) ("[R]ule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.' [A] plaintiff must, at

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

883433.01/LA

-10-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS; Case No. 10-CV-1900 IEG(WVG)

a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'") (internal citation omitted).

Here, Plaintiff's impermissibly broad and general allegations fail to state a claim for fraud against OneWest. Plaintiff merely alleges that unspecified "Defendants knew or should have known" that Plaintiff's loan had been "sold and separated from the DOT, securitized and that they did not have a current beneficial interest in the DOT, and yet they represented that they did." (FAC, ¶ 106.) Assuming these allegations are directed at OneWest, Plaintiff's allegations contradict the exhibits attached to her FAC as well as publicly-recorded documents. For example, the "Charles J. Horner & Associates Forensic Document Examiners" lists OneWest as the current beneficiary under the Deed of Trust. (FAC, Exhibit "A.") Moreover, on March 10, 2010, the FDIC, as receiver for IndyMac Federal, recorded a Corporate Assignment of Deed of Trust, assigning the Deed of Trust and Note to OneWest. (RJN, Exhibit "B."). These documents establish that OneWest possessed an interest in the Deed of Trust. A court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning, 815 F.2d at 1267.

### G. The FAC Fails to State a Claim for Violation of Business and Professions Code § 17200.

Plaintiff's Section 17200 claims must be dismissed because it does not allege any unlawful, unfair, or fraudulent conduct on the part of OneWest, and does not allege that any act by OneWest that constitutes a violation of Sections 17200, *et seq.* See Kelley v. Mortgage Electronic Registration Systems, Inc., 2009 WL 2475703, *5 (N.D. Cal. 2009) (dismissing mortgage borrower's claim under Section 17200 for failure to allege facts showing a violation of California's Unfair Competition Law). To the extent the Section 17200 claim is derivative of and relies upon the allegations of fraud, such allegations are themselves deficient, as set forth above, and the claim for violation of Sections 17200, *et seq.*, is therefore also deficient and must be

dismissed. See Singh v. Wells Fargo Bank, N.A., 2009 WL 2365881, *5 (N.D. Cal. 2009) (dismissing mortgage borrower's claim under Section 17200 where that claim was derivative of a deficient fraud claim that was also dismissed); Hutson v. American Home Mortgage Servicing, Inc., 2009 WL 3353312, *15-16 (N.D. Cal. 2009) (dismissing mortgage borrower's claim under Section 17200 where that claim was predicated on other failed claims).

### H. The FAC Fails to State a Claim for Rescission.

The Sixth Cause of Action seeks rescission of the loan agreement under TILA. TILA rescission claims require that plaintiffs allege they have tendered or intend to tender the borrowed funds. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003). Here, Plaintiff alleges that she fell victim to a "mountain of debt (over $300,000)" and is unable to continue making her current payments, much less tender the amount currently due. (FAC, ¶ 25.) Because Plaintiff has not, and cannot, allege her ability to tender, Plaintiff's TILA rescission claim is fatally deficient.

### I. The FAC Fails to State a Claim for Violation of the Truth in Lending Act.

Plaintiff concedes that IndyMac, not OneWest, originated the subject loan in July 2003. For this reason alone, the Plaintiff's TILA claim fails. Even assuming that OneWest were responsible for IndyMac's alleged violation of TILA, OneWest cannot be liable for damages because the one-year statute of limitations has expired. Civil penalties under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). It is well-settled that "an action for damages under TILA must be brought within one year from the alleged violation." Eubanks v. Liberty Mortgage Banking, Ltd., 976 F.Supp. 171, 174 (E.D.N.Y. 1997). The violation occurs and the one-year limitations period accrues upon consummation of the loan. Betancourt v. Countrywide Home Loans, Inc., 344 F.Supp.2d 1253, 1258 (D. Colo. 2004), see also 12 C.F.R. § 226.2(a)(13) (a loan is deemed consummated at "the time a

consumer becomes contractually obligated on a credit transaction"); Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 901 (9th Cir. 1971) (stating that the "failure to make the required disclosures occurred, if at all, at the time the loan documents were signed"). Here, Plaintiff concedes that she obtained the loan in July 2003.

While the "doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had a reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action," Plaintiff has not alleged specific facts demonstrating that she could not have discovered the alleged violations by exercising reasonable diligence. King v. California, 784 F.2d 910, 913 (9th Cir. 1986); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling to TILA claim because the plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations). Thus, Plaintiff has not pleaded facts giving rise to equitable tolling.

### J. The FAC Fails to State a Claim for Accounting.

Plaintiff's Tenth Cause of Action for Accounting fails because Plaintiff does not allege that OneWest owes her money. A claim for accounting is applicable where the plaintiff claims the defendant owes her money. See Union Bank v. Superior Court (Demetry), 31 Cal.App.4th 573, 593-94 (1995) (dismissing the accounting claims since the defendant owed no money to plaintiffs). "Plaintiffs, as the party owing money, not the party owed money, have no right to seek an accounting." Hernandez v. First American Loanstart Trustee Services, 2010 WL 1445192 *5 (S.D. Cal. Apr. 12, 2010.)

## V. PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ANY REMAINING CLAIMS.

If this Court does not dismiss all of the causes of action asserted in the FAC, the Court should order Plaintiff to provide a more definite statement of the remaining claims. Rule 12(e) authorizes a motion for more definite statement to be granted when the pleading is "so vague or ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

The FAC does not "plead a short and plain statement" of the elements of Plaintiffs' claims. The FAC does not satisfy the standard requiring "more than labels and conclusions" to plead claims that are "plausible on [their] face." Bell Atlantic, 550 U.S. at 545, 547. If this Court allows any of Plaintiff's claims to survive, Plaintiff should be ordered to set forth in detail the specific facts supporting each count they assert.

## VI. CONCLUSION.

For the foregoing reasons, OneWest respectfully requests that the Court grant the Motion to Dismiss Plaintiff's FAC, with prejudice.

Dated: January 24, 2011

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
RYAN T. WAGGONER
DAVID R. ZARO

By: /s/ Ryan T. Waggoner
RYAN T. WAGGONER
Attorneys for Defendant
ONEWEST BANK, FSB

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to this action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On January 24, 2011, I served the within document(s) described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Diane Beall, Esq.  
Advocates Law & Real Estate  
243 South Escondido Blvd., Suite 125  
Escondido, CA 92025-4116  

*Plaintiff*  
T: (760)807-5417  
E: attorneydianebeall@gmail.com

Renee Reyes De Golier, Esq.  
McCarthy & Holtus, LLP  
1770 Fourth Avenue  
San Diego, CA 92101-2607  

*Counsel for Quality Loan Service Corp.*  
T: (619) 685-4800 – F: (619) 685-4811  
E: rdegolier@mccarthyholthus.com

☐ **COURTESY COPY BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above in Los Angeles, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **COURTESY COPY BY DIRECT E-MAIL:** I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above from fkalve@allenmatkins.com. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive an electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on January 24, 2011, at Los Angeles, California.

Frederick Kalve  
(Type or print name)

(Signature of Declarant)

874938.01/LA