DIANE BEALL
243 S Escondido Blvd.#125
ESCONDIDO, CA 92025
Phone- 760-807-5417
e-mail-attorneydianebeall@gmail.com

PLAINTIFF

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE BEALL FKA TEMPLIN ) | Case No. 10-CV-1900 IEG (WVG) |
| Plaintiff, ) | |
| v. ) | |
| QUALITY LOAN SERVICE CORP ) | **PLAINTIFF'S OPPOSITION** |
| ) | **TO ONEWEST BANK FSB'S** |
| and ) | **MOTION TO DISMISS** |
| ) | **PLAINTIFF'S FIRST** |
| ONEWEST BANK, F.S.B. FKA ) | **AMENDED COMPLAINT** |
| INDYMAC BANK, FSB` ) | |
| ) | **[ FILED CONCURRENTLY WITH RJN** |
| Does 1-10 ) | **AND NOTICE OF RELATED CASE]** |
| Defendants ) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff DIANE BEALL F/K/A TEMPLIN (hereinafter "Plaintiff"), upon the

Agreement of Attorney Ryan Waggoner of ALLEN, MATKINS, LECK, GAMBLE,

MALLORY AND NATSIS LLP, Attorneys for Defendant OneWest for Plaintiff's extension

of time to file the Opposition until midnight on 2-24-11 without objection, and in reliance

on said agreement and representation that said Attorney desires to have the case heard on

1  OPPOSITION TO THE ONEWEST BANK FSB MOTION TO DISMISS FAC

its merits and not dismissed on technicalities, does hereby Oppose the Motion to Dismiss the First Amended Complaint by Onewest Bank FSB for the reasons that follow:

**PRELIMINARY STATEMENT**

OneWest Bank FSB (hereinafter "Onewest") incorrectly asserts that it has standing to proceed as the beneficiary and real party in interest under the original promissory note and deed of trust by way of a document entitled "Corporate Assignment of Deed of Trust" which was filed on January 21, 2010 in the land title records.[1]

In Granting Onewest's Motion to Dismiss on 12/23/2010, this Court pointed that Indymac Bank FSB was taken over by the Federal Deposit Insurance Corporation (hereinafter "FDIC") on June 8, 2008. A subsequent sale of Indymac Bank FSB by the FDIC to Onewest Bank FSB, occurred on or about March 19, 2009.[2]

Based on the response from the FDIC to Plaintiff's FOIA request, Plaintiff's loan was not transferred to Onewest despite the purported Corporate Assignment. Onewest only acquired servicing rights, not beneficial interest in the deed of trust or the promissory note. Further investigation revealed that Plaintiff's loan was securitized and pooled as Indymac MBS Residential Asset Securitization Trust 2003-A7, with Deutsche Bank National Trust Company as Trustee for the benefit of the certificate holders of said trust.[3]

FDIC SALE OF INDYMAC [LOANS OWNED] AND [SERVICING RIGHTS]

The sale on March 19, 2009 by the FDIC of "Indymac Federal Bank FSB successor in interest to Indymac Bank FSB" assets consisted of two separate and distinct sales. One was a sale of <u>all servicing rights</u> which included the servicing rights to the existing "MBS" and the servicing to <u>existing loans owned and held</u> by Indymac Bank FSB (hereinafter INDY SERVICING").

The second was the "INDY LOANS', which were an asset of the failed Indymac Bank FSB and the taken over bank Indymac Federal Bank FSB. The sale of Indymac Bank FSB servicing rights to Onewest Bank FSB on March 19, 2009 were included in a <u>specific asset purchase agreement</u> .

---

[1] Plaintiff's Complaint (exhibit e) in [Doc No. 1]
[2] Including the existing servicing rights associated with Master Servicing duties obligated with Indymac Mortgage Backed Securities Trusts formed prior to the failure of Indymac Bank FSB including Indymac Residential Asset Securitization Trusts form from 2003-2008.
[3] See declaration of Charles Horner and full forensic securitization audit as exhibit III.

**2** OPPOSITION TO THE ONEWEST BANK FSB MOTION TO DISMISS FAC

THE FREEDOM OF INFORMATION ACT REQUEST AND ANSWER BY THE FDIC

Under the Freedom of Information Act (hereinafter "FOIA"),Plaintiff has recently received information from the "FDIC" that the purported Corporate Assignment of Deed of Trust on January 21, 2010 is not substantiated.  Plaintiff's loan was not sold to Onewest.  Only the sale of the servicing rights were noted by the FOIA documents sent to Plaintiff.

This is material and lends support to the forensic analysis done by Plaintiff which documented the loan to be in a mortgage backed security trust.  This question of material fact would require the Courts ajudication.

The FDIC response supports that Onewest only purchased the <u>servicing rights</u> to the subject loan.[4] The FDIC, in response to Plaintiff's FOIA request on <u>Indymac Loan:1003561436 FDIC FOIA Log No. 10-1479</u>, responded as follows:

> Dear Ms. Beall:
> Enclosed are copies of the following records located by the FDIC which appear to be responsive to your request:
> 1.   Serving Business Asset Purchase Agreement
> 2.    Excerpts of Schedule 1.01(a) Mortgage Loans to Servicing Business Asset Purchase Agreement.

These documents reflect that the <u>servicing</u> of the loan described in your FOIA request was transferred to OneWest Bank FSB.  Consequently, questions concerning this loan should be addressed to OneWest Bank FSB.  The main office of the bank is located at 888 E Walnut Street, Pasadena, California 91101. The FOIA also included in the response the agreement.[5]

THE PERATA MORTGAGE RELIEF ACT

California Civil Code §2923.5 was enacted and became law in 2008.  Although such statute is new there was a challenge made to the statute in <u>Mabry v. Orange Superior Court</u>"( 2010), 185 Cal. App.4th 208, which is the controlling authority.  The Court held that the defendants failure to comply with California Civil Code §2923.5  renders the Notice of Default

---

[4] See RJN FOIA REQUEST AND RESPONSE <u>Indymac Loan # 1003561436</u>
[5] SERVICING BUSINESS ASSET PURCHASE AGREEMENT BY AND BETWEEN THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECIEVER FOR THE INDYMAC FEDERAL BANK, FSB ANDAND ONWEST BANK FSB DATED AS OF MARCH 19, 2009.

invalid.  Application of such authority to this case is directly on point and can't be ignored.  The Court's published opinion interprets the legislative intent of California Civil Code §2923.5 as follows**:  "May CC §2923.5 be enforced by a private right of action?" "Yes." "Otherwise the statute would be a dead letter."  "Must a borrower tender the full amount of the mortgage indebtedness due as a prerequisite to bringing an action under section §2923.5?" "No." "To hold otherwise would defeat the purpose of the statute." "Is §2923.5 preempted by federal law?" "No.".**  California Code § 2923.5 compliance is prerequisite to Cal. Code §2924.  <u>No Tender is Necessary</u>. (emphasis added)

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.  INTRODUCTION

Defendant Onewest misses (or ignores) the entire issue of this action.  The issue is not whether the Plaintiff is in default, or whether the planned trustee's sale is irregular; the issue is whether the Defendant, who is not the original lender and who has failed to demonstrate any interest in either the Note or the Deed of Trust, has the legal right to seek the remedy of foreclosure.

As Plaintiff's demands for evidence as to such rights has been consistently ignored by Defendant, Plaintiff has the legal right to seek a declaration from this Court as to whether the Defendant is permitted to seek foreclosure, and for injunctive relief precluding any foreclosure in the absence of such legal rights being demonstrated by competent evidence.

Defendant bases their ability to foreclose on the Deed of Trust and its original named beneficiary, Indymac Bank FSB,and exclusively on the alleged authority of Defendant  Onewest in their belated "Corporate Assignment of the Deed of Trust" signed by Robosignor Bryan Byl which was manufactured for the purposed of creating evidence to allow Onewest to be enriched at the expense of this Plaintiff.

### STANDARD FOR FED. R. CIV. P 12(B)(6) MOTION TO DISMISS.

In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), the Court stated that "Fed. R. Civ. P 8(a)(2) states that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required." [Citing ], but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Id</u>., at 570, 127 S. Ct. 1955, 167 L. Ed 2d 929.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>.,at 556,  127 S. Ct. 1955, 167 L. Ed 2d. Plaintiff has satisfied the requisite pleading standard herein.

### A.  WRONGFUL FORECLOSURE

The initiation of the foreclosure process begins with the Notice of Default which starts the cascade of CC □ 2924 et. seq. Plaintiff does not dispute this comprehensive statutory scheme.  However Plaintiff has adequately pled that she was not contacted by Onewest as required by CC 2923.5.  Any presale violation of CC 2923.5 is a violation of CC 2924.  It is clear that this is pled with specificity to deny any contact.

On or about July 20, 2003, Plaintiff executed a Note and Deed of Trust in favor of original lender, non-party Indymac Bank FSB.

On 01/21/2010, Bryan Bly signed as attorney-in-fact for Federal Deposit Insurance Corporation as receiver for Indymac Federal Bank FSB successor to Indymac Bank FSB assigning the Plaintiff's note and deed of trust to Onewest Bank FSB.[6],[7]  The document was witnessed by Crystal Moore, a notary public in the State of Florida [license # DD 927242]. Crystal Moore's recent video deposition is located for review on line.[8]  A video deposition of Bryan Bly is located at the Tampabay.com website for review:

---

[6] Bryan Bly was never listed on the FDIC Limited Power of Attorney to be able to sign anything for OneWest or Lost Note Affidavits.
[7] Nov. 15 (Bloomberg) -- Bryan Bly is a pen-wielding "robo- signer" at Nationwide Title Clearing Inc., inking his name on an average 5,000 mortgage documents a day for companies such as Citigroup Inc. and JPMorgan Chase & Co.
[8] http://4closurefraud.org/2010/11/07/kaboooooooom-full-video-deposition-of-crystal-moore-of-nationwide-title-clearing/

**5** OPPOSITION TO THE ONEWEST BANK FSB MOTION TO DISMISS FAC

http://www.tampabay.com/news/on-video-alleged-robo-signers-describe-assembly-line-work/1133687

THE TRUSTEE SUBSTITUTION BY ONEWEST IS VOID

The trustee under a Deed of Trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and the beneficiary of the deed of trust. … [The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." Vournas v. Fidelity Nat. Tit. Ins. Co. (1999) 73 Cal.App.4th 668, 677, citation omitted.

A void instrument such as an undelivered or a forged deed does not convey anything and cannot be made the foundation of a good title.  Montgomery v. Bank of America (1948) 85 Cal.App.2d 559; Trout v. Taylor, 220 Cal. 652, 656 [32 P.2d 968]

Since the Corporate Assignment of the deed of trust is absolutely void and conveyed no title to Onewest as the grantee, plaintiff may recover the property through an action to quiet title and Declaratory Relief.  Any attempt to transfer the beneficial interest of a Trust Deed without ownership of the underlying note is void under California law CC 2932.5." Therefore, the assignment of Trust Deed purportedly assigned beneficial interest by Onewest constitutes a fraudulent conveyance and thus VOID.

PLAINTIFF PROPERLY PLED CAUSES OF ACTION FOR QUIET TITLE.

Onewest has caused to be filed documents clouding title to Plaintiff's property.  Plaintiff has properly pled this cause of action.

B.  PLAINTIFF HAS PROPERLY PLED A CAUSE OF ACTION FOR RESPA

Plaintiff has addressed the deficiencies of this Courts Order regarding specificities of parties and their roles.

C.  PLAINTIFF HAS PROPERLY PLED AN ACTION FOR FRAUD.

Plaintiff has pled an action for fraud.  More information has been received since the filing of the First Amended Complaint.  Plaintiff requests that she be allowed to amend her complaint to be more specific as the information becomes available through discovery.

### D. PLAINTIFF HAS PROPERLY PLED VIOLATIONS OF B & P CODE 17200 et. seq.

Plaintiff has pled a violation of CC 2923.5, CC 2924 and thus a violation of the business and professional codes.

### E. PLAINTIFF HAS PROPERLY PLED RECISSION.

### F. PLAINTIFF HAS PLED A VIOLATION OF TILA

Plaintiff has pled a violation of 15 U. S. C. Section 1641.  As part of the requirements of transfer of ownership Onewest would have needed to send Notice of new Creditor when they allegedly bought the Plaintiff's loan from the FDIC.  Plaintiff did not receive such a notice as pled.

### G. PLAINTIFF HAS PLED A VIOLATION OF CC SECTION 2923.5

<u>Mabry v. Orange Superior Court</u>"( 2010), 185 Cal. App.4th 208.  "The Perata Mortgage Relief Act", California Code §2923.5 became effective in September 2008.  The 4th Appellate Court Division Three accepted and heard a Writ of Mandate on May 17, 2010.  On June 2, 2010 the Court published its Opinion and the decision was immediately effective.  The Court of Appeals Decision on California Code § 2923.5 Is Stare Decisis.  The Court's published opinion interprets the legislative intent of California Code §§2923.5 as follows:  "May section §2923.5 be enforced by a private right of action?" "Yes." "Otherwise the statute would be a dead letter." "Must a borrower tender the full amount of the mortgage indebtedness due as a prerequisite to bringing an action under section §2923.5?" "No." "To hold otherwise would defeat the purpose of the statute." <u>"Is §2923.5 preempted by federal law?" "No."</u>.  California Code § 2923.5 compliance is prerequisite to Cal. Code §2924.  No Tender is Necessary.

### H. PLAINTIFF HAS ADEQUATELY PLED A CAUSE OF ACTION FOR INJUNCTIVE RELIEF

I. PLAINTIFF HAS ADEQUATELY PLED A CAUSE OF ACTION FOR ACCOUNTING

**CONCLUSION**

Plaintiff has properly pled ultimate facts, by averment and Affidavits, to support each of the causes of action alleged. Defendants have presented no grounds for dismissal, simply taking issue with the facts or denying same, which is properly put forth in an Answer to the Complaint. Onewest should answer this compliant as Plaintiff has pled sufficiency to with stand the motion to dismiss.  In the alternative Plaintiff would request leave to amend her complaint as new information has come forward.

Defendants have failed to provide any evidence that they have any legal rights including the beneficial interest in either the Note or the Deed of Trust.

Defendants' Motion has been interposed for no other purpose than to delay this action, squander this Court's time and resources, and frustrate the legitimate prosecution of this action. Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied and that Plaintiff be granted leave to Amend the Complaint if necessary.

Dated: 02/24/2011                              Respectfully Submitted;


                                               /s/ Diane Beall fka Templin
                                               Plaintiff   BEALL FKA TEMPLIN