DIANE BEALL FKA TEMPLIN
243 S Escondido Blvd.
ESCONDIDO, CA 92025
760-807-5417

PLAINTIFF

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE BEALL FKA TEMPLIN<br>　　　　Plaintiff,<br><br>v.<br>QUALITY LOAN SERVICE CORP. and<br>ONEWEST BANK, F.S.B.<br>Does 1-10<br>　Defendants. | Case No.   10-CV1900-IEG<br><br>**DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS 1st AMENDED COMPLAINT AND REQUEST FOR LEAVE TO AMEND COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**<br><br>**Date: March 7, 2011**<br>**Time: 10:30**<br>**Ctrm: 1**<br>**Judge: Hon. Irma E. Gonzalez** |

　　　1.　　I, Plaintiff Diane Beall, make this Declaration in support of my opposition to the Motion to Dismiss 1st Amended Complaint under Federal Rules of Civil Procedure 12 (b)(6) filed by One West Bank, F.S.B. and request leave to Amend and file a 2nd Amended Complaint and Request for Judicial Notice and declare as follows:

　　　2.　　On 1-4-10, I sent Defendant One West Bank c/o IndyMac Mortgage Services, PO Box 4045, Kalamazoo, MI 49003-4045 by Certified Mail.   The QWR

**DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1

identified the name and account of me, the borrower and stated that I believed the account was in error because of unsubstantiated charges.  The QWR officially demanded substantiation of the amount claimed as my mortgage debt with specificity, and evidence of the  relationship between alleged lender IndyMac F.S.B.and purported assignee OneWest Bank, with substantiation of its right to collect payments.

3.   I received an acknowledgement  letter from Defendant One West Bank's customer service department on January 14, 2010 that stated it  had received my QWR. However,  Defendant  did NOT respond to my QWR within the required 60 day period (or ever) or provide substantiation of their charges and of any authorization or validation to collect the debt at issue.

4.   A short sale offer / tender was made to Defendant to discharge the alleged debt  but Defendant failed to acknowledge or accept the tender or provide a credible verification of its right to collect payments from me.

5.   Thereafter Defendant OneWest directed Defendant Quality Loan to file an unwarranted and irregular Notice of Default, recorded May 25, 2010 as #10-0241020 and subsequently to file a Notice of Sale dated 8/26/2010 to schedule an unauthorized  sale of my property.

6.   I was advised by an Attorney that I have a  right to withhold  payments until Defendants are compliant with the rules and regulations governing their conduct as provided by the Consumer Protection Act, The Real Estate Settlement and Procedures Act  and the Truth In Lending Act and prove that they have a right to collect any payments from me.

7.   I was advised that the Truth In Lending Act and Title 15 of the United States Collection Code, (15 USC 1635(b); Reg. Z-226.15(d)(1),226.23(d)(1), Official Staff Commentary § 226.23(d)(2)-1  provides that subsequent to receipt of the

**DECLARATION IN SUPPORT OF PLAINTIFF'S  OPPOSITION TO DEFENDANT'S  MOTION TO DISMISS**

homeowner's Qualified Notice of loan rescission by the creditor or the creditor's agent, the loan is not in default and any foreclosure action is wrongful and illegal and that until Defendants meet their obligation to me, or files the appropriate declaratory judgment action, I have no further legal liability or obligation to make any payments to Defendants.

**8.    I had 2 forensic and securitization analysts/auditors, namely Charles Horner and Charles Koppa, do Forensic and Securitization Audits on the alleged loan and also received a response to my FOIA request from the FDIC, all of which verified that Defendant OneWest Bank was not the true beneficiary and was not entitled to payments from me. The FDIC response to my FOIA request is attached in my request for Judicial Notice and incorporated by reference as Exhibit I and II. Charles Horner's Audit signed under penalty of perjury is attached hereto and incorporated herein by reference and labeled Exhibit III. Charles Koppa's Audit signed under penalty of perjury is attached hereto and incorporated herein by reference as Exhibit IV.**

9.    I was advised that Defendant One West Bank's non-compliance with the 60 day deadline is a violation of the Consumer Protection Act, which gives rise to my claims for actual and statutory damages.

10.    Defendant One West Bank has neither produced the required evidence that they are the 'holder in due course' of my original 'wet-ink' signed Promissory Note, and Deed of Trust documents nor have they provided me with any proof of claim that they purchased or own or have a beneficial interest in the Security Instruments on the loan or that they are real parties in interest in this case or truly the authorized party with standing to bring a Motion to Dismiss.

11.    The Notice of Default was signed by an "Eric R." without a last name and included a false Declaration of Compliance with California Civil Code 2923.5 signed

**DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

in perjury by Jean Crespo on March 4, 2010. See the Marbary case attached hereto or in the Notice of Related Cases and incorporated herein by reference and labeled Plaintiff's Exhibit V .

   12. I had no knowledge of my damages and injuries due to the Defendants violations of the law until after the Defendants initiated a wrongful foreclosure and I retained the services of professional forensic auditors and sought legal counsel to advise me regarding protecting my interest in the property, and they explained the nature of the violations in the loan and the doctrine of equitable tolling .

   13. Upon information and belief, I never was provided a notice of my three day right to cancel and I was not properly apprised of any date by which I would be entitled to cancel the subject loan contract. I had no reasonable opportunity to discover the fraud or nondisclosure pertaining to the Consumer Protection Act violations until the Defendants initiated their wrongful foreclosure actions.

   14. When I determined that I was the victim of a wrongful foreclosure, I hired the services of forensic mortgage auditors, expert witnesses Charles Horner and Charles Koppa, who made me aware that the Loan Transaction was flawed because the FDIC was never in possession of the security instruments and therefore could not have conveyed the security instruments to the purported beneficiary One West Bank, who has misrepresented its status as foreclosing beneficiary for the purpose of deception, fraud, and harming me by a wrongful non-judicial foreclosure. I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct according to the laws of the State of California.

Dated: February 23, 2011           /s/<u>Diane Beall</u>

                   DIANE BEALL

---

**DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

4