DAVID R. ZARO (BAR NO. 124334)
RYAN T. WAGGONER (BAR NO. 251694)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone:  (213) 622-5555
Fax:    (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        rwaggoner@allenmatkins.com

Attorneys for Defendant
ONEWEST BANK, FSB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AT SAN DIEGO

| | |
|---|---|
| DIANE BEALL fka TEMPLIN,<br><br>              Plaintiff,<br>vs.<br><br>QUALITY LOAN SERVICE CORP.;<br>ONEWEST BANK, F.S.B.; and<br>DOES 1-10,<br><br>              Defendants. | Case No. 10-CV-1900 IEG(WVG)<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]<br><br>Date:  March 7, 2011<br>Time:  10:30 a.m.<br>Ctrm:  1<br>Judge: Hon. Irma E. Gonzalez |

Defendant OneWest Bank, FSB ("OneWest") submits the following Reply brief in support of its Motion to Dismiss the First Amended Complaint ("FAC") of plaintiff Diane Beall fka Templin ("Plaintiff") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

886586.01/LA

-1-

REPLY IN SUPPORT OF MOTION TO
DISMISS FIRST-AMENDED COMPLAINT
Case No. 10-CV-1900 IEG(WVG)

## I. INTRODUCTION.

This lawsuit concerns Plaintiff's admitted default on a residential mortgage loan. Plaintiff admits in her Opposition that she filed her lawsuit for one purpose: to determine whether OneWest, as servicer of Plaintiff's mortgage loan, "has the legal right to seek the remedy of foreclosure." (Opposition, p. 4, lines 11-16.) Indeed, Plaintiff characterizes this purpose as "the entire issue of this action." (Id.) Nothing in California's comprehensive non-judicial foreclosure statutory scheme suggests that a judicial proceeding is permitted or contemplated for this purpose. Permitting defaulted borrowers to file such lawsuits would fundamentally undermine the purpose of non-judicial foreclosures and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures. Accordingly, OneWest respectfully requests that this Court dismiss each of Plaintiff's claims without leave to amend.

## II. THERE IS NO LEGAL BASIS TO INITIATE AN ACTION TO DETERMINE WHETHER ONEWEST HAS STANDING TO INITIATE A NON-JUDICIAL FORECLOSURE PROCEEDING.

California's non-judicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which "provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994). "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." I.E. Associates v. Safeco Title Ins. Co., 39 Cal.3d 281, 285 (1985). "The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." Moeller, 25 Cal.App.4th at 830. "Because of the exhaustive nature of this scheme, *California appellate courts have*

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

886586.01/LA

-2-

REPLY IN SUPPORT OF MOTION TO
DISMISS FIRST-AMENDED COMPLAINT
Case No. 10-CV-1900 IEG(WVG)

*refused to read any additional requirements into the non-judicial foreclosure statute.*" Lane v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092, 1098 (E.D. Cal. 2010), emphasis added.

Indeed, the California Court of Appeal ruled on this precise issue less than two weeks ago. The Court of Appeal rejected the right to bring a lawsuit to challenge a servicer's standing to proceed with foreclosure on behalf of the note holder. Gomes v. Countrywide Home Loans, Inc., 2011 Cal. App. LEXIS 187 (Cal. App. 4th Dist. Feb. 18, 2011). The Court held that such lawsuits "would fundamentally undermine the non-judicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (Id. at p. 11.)

Here, Plaintiff concedes that the entire basis of her lawsuit is to interject this Court into the non-judicial process:

> Defendant OneWest misses (or ignores) the entire issue of this action. The issue is not whether the Plaintiff is in default, or whether the planned trustee's sale is irregular; the issue is whether the Defendant, who is not the original lender and who has failed to demonstrate any interest in either the Note or the Deed of Trust, has the legal right to seek the remedy of foreclosure.

(Opposition, p. 4, lines 11-16.) Plaintiff has identified no legal authority for such a lawsuit. A judicial proceeding is not permitted or contemplated for this purpose. Accordingly, OneWest respectfully requests that this Court dismiss each of Plaintiff's claims without leave to amend.

### III. PLAINTIFF ONCE AGAIN SEEKS TO ADVANCE CLAIMS THAT THIS COURT DISMISSED WITH PREJUDICE.

This Court previously dismissed with prejudice Plaintiff's claim for Violation of Civil Code § 2923.5. (ECF Doc. # 8.) Nevertheless, Plaintiff dedicates a considerable portion of her Opposition brief discussing California Civil Code § 2923.5. (See, e.g., p. 3, lines 20-24; p. 4, lines 1-9; p. 5, lines 10-23; and p. 7, lines 14-26.) These arguments are of no consequence, including Plaintiff's

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

886586.01/LA

-3-

REPLY IN SUPPORT OF MOTION TO
DISMISS FIRST-AMENDED COMPLAINT
Case No. 10-CV-1900 IEG(WVG)

mischaracterization of the holding in <u>Mabry v. Orange County Superior Court</u>, 185 Cal.App.4th 208 (2010).

## IV. PLAINTIFF IMPROPERLY FILED AN IDENTICAL ADVERSARY COMPLAINT IN HER PENDING BANKRUPTCY PROCEEDING TO CHALLENGE ONEWEST'S STANDING TO FORECLOSE.

Plaintiff filed an identical lawsuit on January 22, 2011 in the United States Bankruptcy Court, Southern District of California, entitled <u>Diane J. Beall v. OneWest, et al.</u>, bearing Adversary Case No. 11-90028-LT (the "Adversary Action"). In the Adversary Action, Plaintiff argues that OneWest is an unsecured creditor because it lacks any interest in Plaintiff's mortgage loan. In effect, Plaintiff is pursuing identical relief in two distinct venues, a strategy that is barred as a matter of law. <u>In re Chaussee</u>, 399 B.R. 225, 236-7 (9th Cir BAP 2008) ["where the [Bankruptcy] Code and [Bankruptcy] Rules provide a remedy for acts taken in violation of their terms, debtors may not resort to other state and federal remedies to redress their claims...."]

## V. THE DECLARATIONS FILED IN SUPPORT OF PLAINTIFF'S OPPOSITION MUST BE STRICKEN.

The declarations and purported evidence filed in support of Plaintiff's Opposition must be stricken under Federal Rules of Civil Procedure 12(f). A court reviewing a motion to dismiss may not consider matters outside the complaint. <u>Levine v. Diamanthuset</u>, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991); <u>see also</u> <u>Schneider v. California Dep't of Corr.</u>, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ["The focus of any Rule 12(b)(6) dismissal ... is the complaint."] Thus, this Court should neither read nor consider the declarations filed by Plaintiff.

## VI. LEAVE TO AMEND IS NOT APPROPRIATE.

Once again, Plaintiff admits in her Opposition that she filed her lawsuit for one purpose: to determine whether OneWest, as servicer of Plaintiff's mortgage loan, "has the legal right to seek the remedy of foreclosure." (Opposition, p. 4,

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

886586.01/LA

-4-

REPLY IN SUPPORT OF MOTION TO
DISMISS FIRST-AMENDED COMPLAINT
Case No. 10-CV-1900 IEG(WVG)

lines 11-16.) If this is Plaintiff's sole basis for relief, there is no possibility that Plaintiff can state a viable claim against OneWest. Plaintiff's arguments are devoid of legal or factual support. Plaintiff – a licensed attorney in California – is advancing hopeless arguments, disregarding this Court's previous rulings, and filing declarations that are improper under a Rule 12(b)(6) motion. "Dismissal without leave to amend is appropriate when there is *no possibility* that the plaintiff could state an actionable violation." Higdon v. Pac. Bell Tel. Co., 2010 U.S. Dist. LEXIS 40300, 13-14 (N.D. Cal. Apr. 2, 2010). It is clear that Plaintiff has not, and cannot, advance any claim against OneWest. Accordingly, OneWest respectfully requests that this Court dismiss each of Plaintiff's claims without leave to amend.

## VII. CONCLUSION.

Based on the arguments set forth in OneWest's Motion to Dismiss, as well as the points raised herein, OneWest respectfully requests that the Court dismiss each of Plaintiff's claims without leave to amend.

Dated: February 28, 2011

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
RYAN T. WAGGONER
DAVID R. ZARO

By: */s/ Ryan T. Waggoner*
RYAN T. WAGGONER
Attorneys for Defendant
ONEWEST BANK, FSB

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

886586.01/LA

-5-

REPLY IN SUPPORT OF MOTION TO
DISMISS FIRST-AMENDED COMPLAINT
Case No. 10-CV-1900 IEG(WVG)

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to this action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On February 28, 2011, I served the within document(s) described as:

**REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Diane Beall, Esq.<br>Advocates Law & Real Estate<br>243 South Escondido Blvd., Suite 125<br>Escondido, CA 92025-4116 | *Plaintiff*<br>T: (760) 807-5417<br>E: attorneydianebeall@gmail.com |
| Matthew Learned, Esq.<br>McCarthy & Holtus, LLP<br>1770 Fourth Avenue<br>San Diego, CA 92101-2607 | *Counsel for Quality Loan Service Corp.*<br>T: (619) 685-4800 – F: (619) 685-4811<br>E: mlearned@mccarthyholthus.com |

☐ **COURTESY COPY BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **COURTESY COPY BY DIRECT E-MAIL:** I caused a true copy of the document to be sent to the person/s at the corresponding electronic address/es indicated above from fkalve@allenmatkins.com. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive an electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on February 28, 2011, at Los Angeles, California.

| | |
|---|---|
| Frederick Kalve | *(Signature)* |
| (Type or print name) | (Signature of Declarant) |

874938.01/LA