1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| DIANNE BEALL FKA TEMPLIN,<br>                              Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP.;<br>ONEWEST BANK, F.S.B.; and DOES 1-10,<br><br>                              Defendants. | **CASE NO: 10-CV-1900-IEG (WVG)**<br><br>**ORDER (1) GRANTING ONEWEST<br>BANK, F.S.B.'S MOTION TO<br>DISMISS (2) GRANTING<br>PLAINTIFF'S MOTION TO<br>SUBSTITUTE ATTORNEY**<br><br>[Doc. Nos. 16 & 25] |

18
19
20
21
22

Presently before the Court are Defendant OneWest Bank, F.S.B.'s ("OneWest") motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), [Doc. No. 16], and Plaintiff's motion to substitute her attorney of record.  [Doc. No. 25.]  Both motions are suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons set forth below, the Court GRANTS both motions.

23

## BACKGROUND

24
25
26
27

The factual background of this case, as described in Plaintiff's Verified Complaint, is fully set forth in the Court's December 23, 2010, order and will not be repeated herein.

On September 13, 2010, Plaintiff, proceeding *pro se* but also an attorney licensed in the State of California, filed a Complaint against Defendant OneWest, the purported current beneficiary of the

28

loan, and Defendant Quality Loan, the purported current trustee.[1]  [Doc. No. 1.]  The Complaint included a motion for a temporary restraining order and preliminary injunction, requesting the Court to enjoin the scheduled foreclosure sale, which the Court denied.  [Doc. No. 4.]  The Court granted OneWest's motion to dismiss, dismissing some of Plaintiff's claims with prejudice and others with leave to amend.  [Doc. No. 14.]

Plaintiff subsequently filed her FAC, alleging ten causes of action: (1) Wrongful Foreclosure, (2) Quiet Title, (3) Violation of the Real Estate Settlement Procedures Act ("RESPA"), (4) Fraud, (5) Violation of California's Unfair Competition Law ("UCL"), (6) Rescission, (7) Violation of the Truth in Lending Act ("TILA"), (8) Violation of California Civil Code § 2923.5, (9) Injunctive Relief, and (10) Accounting.  [Doc. No. 15.]  OneWest now moves to dismiss the FAC.  [Doc. No. 16.]

Plaintiff has also filed related proceedings in Bankruptcy Court.  She filed a Chapter 13 proceeding on September 16, 2010, which is currently pending.[2]  See Ch. 13 Voluntary Pet., In re Beall, B.R. Case No. 10-16454 (S.D. Cal. B.R. Sept. 16, 2010).  On January 22, 2011, Defendant also filed an adversarial bankruptcy proceeding against OneWest regarding the same subject matter as this action.  See Complaint, Beal v. OneWest Bank, FSB, B.R. Adversary Case No. 11-90028-LT (S.D. Cal. B.R. Jan. 22, 2011).  OneWest also moved to dismiss that proceeding; the Bankruptcy Court is currently scheduled to hear that motion on July 12, 2011.

## DISCUSSION

## I.     PLAINTIFF'S MOTION TO SUBSTITUTE ATTORNEY

On March 7, 2011, after filing an opposition to OneWest's motion, Plaintiff filed an *ex parte* motion to substitute Mr. Gary L. Harre as her attorney of record in place of representing herself.  [Doc. No. 25.]  Mr. Harre consented to the substitution.  The Court **GRANTS** Plaintiffs' motion.

---

[1] On October 4, 2010, Defendant Quality Loan Service Corporation filed a declaration of nonmonetary status under CAL. CIV. CODE § 2924*l* as the trustee under the Deed of Trust.  [Doc. No. 6.]  On March 7, 2011, Plaintiff filed an objection to Quality Loan's declaration.  [Doc. No. 27.]

[2] Because Plaintiff, the debtor, filed the proceeding before this Court, the automatic stay imposed under 11 U.S.C. § 362 does not stay these proceedings.  E.g., Rett White Motor Sales Co. v. Wells Fargo Bank, 99 B.R. 12, 15 (N.D. Cal. 1989).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.       ONEWEST'S MOTION TO DISMISS

### a.   Legal Standard

#### i.   FED. R. CIV. P. 12 (b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original).  A court need not accept "legal conclusions" as true.  Iqbal, 129 S. Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

Additionally, defenses based on relevant statutes of limitations may be raised on a Rule 12(b)(6) motion to dismiss when the statute's running is apparent on the face of the complaint.  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For a Rule 12(b)(6) motion, a court generally cannot consider material outside the complaint.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  A court may, however, consider exhibits submitted with the complaint.  Van Winkle v. Allstate Ins. Co., 290 F. Supp. 2d 1158, 1162 n.2 (C.D. Cal. 2003).  In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  A court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Thus, this Court may consider pertinent loan and foreclosure documents submitted by Plaintiff and Defendant OneWest.

### ii.  FED. R. CIV. P. 9(b)

Fraud claims must be pleaded to satisfy the particularity requirements of Rule 9(b).  A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)).  Federal Rule of Civil Procedure 9(b) requires that each of these elements be pleaded with particularity.  The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988).  Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation

omitted).  Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made."  <u>Smith v. Allstate Ins. Co.</u>, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); <u>see</u> <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### b.  Plaintiff's Causes of Action

#### i.   Wrongful Foreclosure

The Trustee's Sale of Plaintiff's property has not taken place.  Thus, Plaintiff's wrongful foreclosure claim fails for being premature.  <u>Rosenfeld v. JPMorgan Chase, N.A.</u>, --- F. Supp. 2d ---, 2010 WL 3155808, at *5 (N.D. Cal. Aug. 9, 2010) (citing <u>Munger v. Moore</u>, 11 Cal. App. 3d 1, 7 (1970)).  Accordingly, the Court **DISMISSES** this claim **WITH PREJUDICE**.

#### ii.   Quiet Title

The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to."  <u>Newman v. Cornelius</u>, 83 Cal. Rptr. 435, 437 (Ct. App. 1970); Cal. Civ. P. Code § 760.020(a).  California law requires "a plaintiff seeking to quiet title in the face of a foreclosure [to] allege tender or an offer of tender of the amount borrowed."  <u>Mangindin v. Wash. Mut. Bank</u>, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009) (citing <u>Arnolds Mgmt. Corp. v. Eischen</u>, 158 Cal. App. 3d 575, 578 (1984)); <u>Manown v. Cal-Western Reconveyance Corp.</u>, 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009).

Plaintiff has failed to allege she is able or willing to tender the underlying debt.  Accordingly, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's claim to quiet title.

#### iii.   Real Estate Settlement Procedures Act

Plaintiff alleges two violations of RESPA, 12 U.S.C. §§ 2601-2617, and implies a third.  First, at the time her loan closed, she claims that an unspecified defendant failed to provide a servicing statement required under 12 U.S.C. § 2605(a).  Second, Plaintiff alleges that OneWest failed to properly respond to a Qualified Written Request ("QWR"), in violation of 12 U.S.C. § 2605(e).  Third, though not explicitly stated as a claim, she alleges "Defendants" received money or other things of value for referrals of settlement service business related to her loan and "conspired to overcharge for various 'services' and 'fees.'"  [FAC ¶¶ 99-101.]

Plaintiff's first RESPA claim, arising under § 2605(a), is time-barred. A plaintiff must bring RESPA claims for failure to provide required disclosures at the closing of a loan within three years of the loan's consummation. 12 U.S.C. § 2614 (providing a three-year statute of limitations for claims arising under 12 U.S.C. § 2605). Here, Plaintiff entered her loan on July 23, 2003. Her claim under Section 2605(a) therefore expired on July 23, 2006. Plaintiff did not bring this action until September 2010. Plaintiff's claim under section 2605(a) is therefore time-barred. Thus, the Court **DISMISSES** this claim **WITH PREJUDICE**.

Plaintiff's second RESPA claim alleges that she sent a QWR "to Defendants c/o Indymac Mortgage Services" on January 4, 2010. In response, she claims to have received only an "acknowledgment letter" from OneWest. [FAC, ¶¶ 94-95.] Plaintiff also claims that, on May 13, 2010, she sent the following documents to OneWest: "Notice of Rescission, Demand for Validation of Debt and CA Civil Code demand." [Id. ¶ 95.] On May 28, 2010, OneWest responded with a letter declining Plaintiff's request to rescind the loan. [Id.] Plaintiff alleges that OneWest's responses to her QWR were insufficient because they failed to provide requested information, make corrections to her account or explain why OneWest thought the account was correct, or the name and telephone number of the servicer's representative. [Id. ¶ 98.]

Plaintiff did not attach copies of her QWR to her FAC. A QWR should include statements identifying the reasons why the borrower believes her account is in error. 12 U.S.C. § 2605(e)(1)(B). Plaintiff's FAC does not describe any such statements in her QWR; it merely notes the purported titles of the documents.

Nor does Plaintiff state facts showing OneWest's alleged failure to respond to her QWR caused her to incur actual damages. See 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower . . . [for] any *actual damages* to the borrower as a result of the failure.") (emphasis added); Rosenfeld, 732 F. Supp. 2d at 967 ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages."); Lawther v. Onewest Bank, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010) ("It is the plaintiff's pleading obligation to 'point to some colorable relationship between his injury and the actions or omissions that allegedly violated RESPA.'") (quoting Allen v. United Fin.

Mortg. Corp., 2010 WL 1135787, at *5 (N.D. Cal. Mar. 22, 2010)); Caravantes v. Cal. Reconveyance Co., 2010 WL 4055560, at *4 (S.D. Cal. Oct. 14, 2010) ("To recover actual damages under 12 U.S.C. § 2605(f)(1)(A), . . . a plaintiff must state allegations demonstrating pecuniary loss.").

The Court **DISMISSES** this claim **WITHOUT PREJUDICE**.  The Court notes, however, that Plaintiff has now twice raised and failed to sufficiently plead this claim.

Plaintiff alleges unspecified Defendants "received money and/or things of value for referrals of settlement service business related to the Subject Loan, in addition to charging Plaintiff for services that were never rendered."  [FAC ¶¶ 99-101.]  Such a claim arises under 12 U.S.C. § 2607.  Plaintiff does not allege any specific facts related to this claim, including which Defendant charged what fees or referred settlement service business in exchange for something of value.  Nor does Plaintiff allege when these supposed violations occurred.[3]  Plaintiff's bare legal conclusion, unsupported by factual allegations, is insufficient to state a claim under § 2607.  Gumbs v. Litton Loan Servicing, 2010 WL 1992199, at *7-8 (E.D. Cal. May 13, 2010).   Accordingly, the Court **DISMISSES** this claim **WITHOUT PREJUDICE**.

### iv.   Fraud

Plaintiff alleges Defendants defrauded her by representing they had a beneficial interest in the Deed of Trust and the related authority to accept loan payments and to foreclose on Plaintiff's home. Defendants, Plaintiff claims, knew or should have known that they had no such interest and their representations were false.  [FAC ¶¶ 103-13]  Relying on Defendants' representations, Plaintiff claims she was induced to make monthly payments toward her loan.  [Id. ¶¶ 109-111.]

As an initial matter, Plaintiff's claim does not satisfy Rule 9(b)'s specificity requirement. Plaintiff fails to specify which Defendant—OneWest or Quality Loan—made which representations or to which Defendant she made payments.  Thus, Plaintiff's claim, as pleaded, does not provide either Defendant "notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted).

---

[3] The statute of limitations for claims under § 2607 is one year from the date of the violation. 12 U.S.C. § 2614.

Moreover, regardless of whether Defendants actually misrepresented their interest in Plaintiff's Deed of Trust, Plaintiffs alleged damages contradict other allegations in the FAC.  Plaintiff claims she was damaged because the alleged fraud induced her to make monthly payments on her loan.  OneWest only became involved with Plaintiff's loan after the FDIC assigned the Deed of Trust to OneWest on January 21, 2010.  But Plaintiff alleges in her FAC that she was unable to make payments toward her loan after March 2009—nearly a year earlier.  [FAC, ¶ 36.]

Additionally, in arguing OneWest is not the beneficiary of her Deed of Trust, Plaintiff points to the FDIC's response to her request under the Freedom of Information Act ("FOIA") for information related to her loan.  In its response, the FDIC stated "the servicing of the loan described in [Plaintiff's] FOIA request was transferred to OneWest Bank, FSB."  [Pl.'s Opp'n, Ex. I.]  Plaintiff thus argues "Onewest only acquired servicing rights."  [Pl.'s Opp'n, at 2.]  Taking that statement as true, even assuming Plaintiff made some payments toward her loan after January 21, 2010, it is difficult to see how payments to the servicer of her loan constitute damages; collecting monthly payments is one of the primary functions of a loan servicer.

"'[F]raud without damage is not actionable' because it fails to state a cause of action.  Furia v. Helm, 111 Cal. App. 4th 945, 956 (2003) (quoting Billings v. Farm Development Co., 74 Cal. App. 254, 259 (1925)).  Accordingly the Court **DISMISSES** Plaintiff's fraud claim **WITHOUT PREJUDICE**.

### v.   California's Unfair Competition Law

Plaintiff's UCL claims derive from her allegations of fraud and violations of federal lending laws.  [FAC, ¶¶ 114-25.]  Where those claims are deficient, Plaintiff's UCL claim must also fail.  See Singh v. Wells Fargo Bank, N.A., 2009 WL 2365881, *5 (N.D. Cal. 2009) (dismissing a mortgage borrower's claim under Section 17200 where that claim was derivative of a deficient fraud claim that was also dismissed); Hutson v. Am. Home Mortg. Servicing, Inc., 2009 WL 3353312, *15-16 (N.D. Cal. 2009) (dismissing a UCL claim predicated on other failed claims).

As discussed above (regarding RESPA) and below (regarding TILA), Plaintiff fails to state a claim under federal lending laws. She therefore also fails to state a derivative UCL claim.[4]

Plaintiff's derivative fraud claim under the UCL also fails. To state a claim under the UCL, Plaintiff must allege actual damages. See In re Tobacco II Cases, 46 Cal. 4th 298, 314 (2009) ("[A] private person has standing to sue [under the UCL] only if he or she 'has suffered injury in fact and has lost money or property as a result of such unfair competition.'") (quoting CAL. BUS. & PROF. CODE § 17204). As discussed above, Plaintiff has failed to sufficiently allege damages resulting from the alleged fraud.

Thus, the Court **DISMISSES** Plaintiff's UCL claim **WITHOUT PREJUDICE**.

### vi.   Rescission

"Rescission is a remedy, not a cause of action." Taguinod v. World Savings Bank, FSB, ---F.Supp.2d ---, 2010 WL 5185845, at *6 (C.D. Cal. Dec. 2, 2010) (citing CAL. CIV. CODE § 1691(b)); see also Ozuna v. Home Capital Funding, 2009 WL 4544131, at *11 (S.D. Cal. Dec. 1, 2009) (dismissing rescission claim because it is a remedy, not a cause of action). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim for rescission.

### vii.   Truth in Lending Act

Plaintiff expressly raises one claim under TILA—that "Defendants" violated 15 U.S.C. § 1641(g)(1) by failing to provide notice of a new creditor within thirty days after the FDIC purportedly assigned her loan to OneWest. [See FAC, ¶ 131; Pl.'s Opp'n, at 7.]

Because the FDIC purportedly assigned Plaintiff's Deed of Trust to OneWest on January 21, 2010, Plaintiff's cause of action would have accrued thirty days thereafter, when OneWest allegedly failed to send the required notification of assignment. Plaintiff filed the FAC—in which she raises for the first time an allegation under § 1641(g)(1)—on January 10, 2011. Thus, contrary to OneWest's argument, which focuses on the time at which *Plaintiff's loan was originated*, Plaintiff's claim is

---

[4] Additionally, to the extent such claims stem from the origination of her loan, they are time-barred. A plaintiff must bring her UCL claims "within four years after the cause of action accrued." CAL. BUS. & PROF. CODE § 17208. Here, Plaintiff's claims stem from the alleged circumstances surrounding the origination of her loan, which occurred in July 2003. Thus, Plaintiff's UCL claims for violations of federal lending laws related to the origination of Plaintiff's loan expired in July 2007.

1    timely because Plaintiff brought this claim "within one year from the date of the occurrence of the

2    violation." 15 U.S.C. § 1640(e); <u>King v. California</u>, 784 F.2d 910, 913 (9th Cir. 1986).

3           But Plaintiff fails to state a valid claim under § 1641(g)(1).  While Plaintiff alleges OneWest

4    violated TILA, she does not allege OneWest's failure to provide notice under § 1641(g)(1) caused her

5    to incur actual damages.  A creditor that fails to comply with any requirement imposed under

6    § 1641(g)(1) only faces liability for "any *actual damage* sustained by such person as a result of the

7    failure."  <u>See</u> 15 U.S.C. § 1640(a)(1) (discussing civil liability) (emphasis added).  Moreover, "in the

8    case of an individual action," damages are limited to "twice the amount of any finance charge in

9    connection with the transaction" and, in cases involving real property, "not less than $400 or greater

10   than $4,000."  <u>Id.</u> § 1640(a)(2)(A)(i), (iv).  Plaintiff has not alleged any actual damages or finance

11   charges related to OneWest's failure to provide the notice of assignment required under § 1641(g)(1).

12          Accordingly, the Court **DISMISSES** Plaintiff's claim under § 1641(g)(1) **WITHOUT**

13   **PREJUDICE**.

14          Although raised in a separate cause of action for "rescission," Plaintiff also seeks to rescind her

15   loan under TILA's "buyer's remorse" provision.  TILA requires "a creditor [to] deliver two copies of

16   the notice of the right to rescind to each consumer entitled to rescind."  15 U.S.C. § 1635(a); 12 C.F.R.

17   § 226.23(b)(1).  If the creditor provides such notice, TILA's "buyer's remorse" provision allows

18   borrowers three business days to rescind the loan without penalty.  15 U.S.C. § 1635(a).  Where, as

19   Plaintiff alleges here, the creditor fails to deliver the notice and required material disclosures, the

20   borrower may rescind the loan within three years after it was consummated.  <u>Id.</u> § 1635(f); 12 C.F.R. §

21   226.23(a)(3).  The statute of limitations for TILA claims begins to run when the loan transaction is

22   executed.  <u>King</u>, 784 F.2d at 913.

23          Here, the loan transaction was executed on July 23, 2003.  Plaintiff did not file her complaint

24   until September 2010—well outside of the time permitted to raise TILA claims.  Moreover, Plaintiff

25   has not alleged specific facts demonstrating that she could not have discovered the alleged TILA

26   violations by exercising reasonable diligence; thus, the statute of limitations should not be equitably

27   tolled.  <u>See Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3 899, 902 (9th Cir. 2003) (refusing to apply

28   equitable tolling to TILA claim because the plaintiff was in full possession of all loan documents and

did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); <u>Hubbard v. Fid. Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir.1996) (the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim under TILA's buyer's remorse provision.

### viii.   California Civil Code Section 2923.5

California Civil Code Section 2923.5 requires a trustee, beneficiary, or authorized agent to contact a borrower at least thirty days prior to filing a notice of default to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.  Plaintiff alleges that OneWest failed to contact Plaintiff as required under California law.

OneWest, however, is a federal savings bank, regulated by the Office of Thrift Supervision ("OTS") and the Home Owner's Loan Act of 1933, 12 U.S.C. § 1464 ("HOLA").  "Under HOLA, OTS enjoys 'plenary and exclusive authority . . . to regulate all aspects of the operations of federal savings associations' and its authority 'occupies the entire field of lending regulation for federal savings associations." <u>Andrade v. Wachovia Mortgage, FSB</u>, 2009 WL 1111182, *2 (S.D. Cal. 2009) (citing 12 C.F.R. §§ 545.2 and 560.2(a)).  Discussing HOLA's reach, the Supreme Court held that "[a] savings and loan's mortgage lending practices are a critical aspect of its 'operation' . . . ." <u>Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta</u>, 458 U.S. 141, 167 (1982).  California's requirements for contacting borrowers and including specific declarations in the Notice of Default fall within the scope of HOLA's Section 560.2(b)(10), which addresses the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." <u>Pinales v. Quality Loan Serv. Corp.</u>, 2010 WL 3749427, at *3 (S.D. Cal. Sept. 22, 2010) (citations omitted).

Accordingly, the Court dismissed this claim with prejudice in its December 23, 2010, Order granting OneWest's motion to dismiss Plaintiff's initial complaint.  [Doc. No. 14.]  Yet Plaintiff brings this claim again, relying on <u>Mabry v. Superior Court of Orange County</u>, a recent decision in which the California Court of Appeals held (1) Civil Code § 2923.5 should be narrowly construed so as not to

conflict with HOLA, and (2) § 2923.5 thus avoids preemption.  See 185 Cal. App. 4th 208, 231 (2010).  Mabry is the only California court to determine that HOLA does not preempt § 2923.5.  Taguinod, 2010 WL 5185845, at *7.

However, this is not a question of interpreting state law, but a question of federal preemption.  Thus, despite Plaintiff's suggestion to the contrary, Mabry does not bind this Court.  Federal courts have consistently held—including after Mabry—that HOLA preempts California Civil Code § 2923.5.  E.g., Taguinod, 2010 WL 5185845, at *2-3, *7; Nguyen, 2010 WL 4348127, at *10 (internal quotations and citations omitted).  Indeed, "it is evident that the overwhelming weight of authority has held that a claim under § 2923.5 is preempted by HOLA."  Taguinod, 2010 WL 5185845, at *7.

The Court again **DISMISSES** this claim **WITH PREJUDICE**.

### ix.  Injunctive Relief

In its December 23, 2010, Order, the Court dismissed Plaintiff's this cause of action with prejudice because injunctive relief is a remedy rather than a cause of action.  [Doc. No. 14.]  The Order noted, however, that, if Plaintiff were to amend her complaint and successfully state a cause of action, the Court would consider injunctive relief where appropriate *as a remedy*, but not as a cause of action.

However, though labeled a cause of action for injunctive relief, Plaintiff appears to request a preliminary injunction in the FAC.  The Court denied Plaintiff's previous request for a preliminary injunction, finding Plaintiff unlikely to succeed on the merits.  [Doc. No. 4.]  Because Plaintiff remains unlikely to succeed on the merits, to the extent Plaintiff again requests a preliminary injunction, that request is **DENIED**.

The Court again **DISMISSES** Plaintiff's cause of action for injunctive relief **WITH PREJUDICE**.

### x.  Accounting

Plaintiff alleges that Indymac Servicing and "Lender" (ostensibly Indymac) charged her inappropriate fees and failed to document loan-related charges imposed on her. Other than the vague statement that, "Defendants, and each of them, were unjustly enriched" at her expense, Plaintiff alleges no wrongdoing by OneWest.  [FAC, at page 28.]  Plaintiff also alleges that none of the parties involved

with the origination or servicing of her loan have provided a listing of the fees charged to her and seeks related discovery.

But Plaintiff does not claim that OneWest, Quality Loan, or any other party referenced in the FAC owes her money.  "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."  Leisher v. Wachovia Mortg., Inc., 2011 WL 98575, at *10 (S.D. Cal. Jan. 12, 2011) (quoting Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179, 92 Cal.Rptr.3d 696 (2009)).  Plaintiff does not cite any authority permitting a claim for accounting under California law when the plaintiff does not claim the defendant owes her money.  See id. at 11 (citing Union Bank v. Superior Court, 31 Cal. App. 4th 573, 593-94 (1995) (dismissing the accounting claims since the defendant owed no money to plaintiffs and did not deprive them of any monies)); see also Hernandez v. First Am. Loanstar Trustee Servs., 2010 WL 1445192, at *5 (S.D. Cal. Apr. 12, 2010) ("Plaintiffs, as the party owing money, not the party owed money, have no right to seek an accounting."); Mendoza v. Countrywide Home Loans, Inc., 2009 WL 4706350, at *8 (N.D. Cal. Dec. 3, 2009) (same).

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim for an accounting.

///
///
///
///
///
///
///
///
///
///
///
///

1

2                                    **<u>CONCLUSION</u>**

3          For the reasons stated above, the Court **GRANTS** Plaintiff's motion to substitute her attorney,

4    [Doc. No. 25], and Defendant OneWest's motion to dismiss, [Doc. No. 16], and orders the following:

5          1.   Plaintiff's claims for Wrongful Foreclosure, violations of the Real Estate Settlement

6               Procedure Act's disclosure requirements under 12 U.S.C. § 2605(a), Rescission,

7               violations of the Truth in Lending Act's requirements under 15 U.S.C. § 1635(a),

8               Injunctive Relief, and Accounting are **DISMISSED WITH PREJUDICE**;

9          2.   Plaintiff's claims to Quiet Title, for violations of the Real Estate Settlement Procedure

10              Act's requirements under 15 U.S.C. §§ 2605 and 2607, Fraud, violations of California's

11              Unfair Competition Law, and violations of the Truth in Lending Act's requirements

12              under 15 U.S.C. § 1641(g)(1) are **DISMISSED WITHOUT PREJUDICE**; and

13         3.   Plaintiff may file an amended complaint within twenty (20) calendar days from the date

14              of this Order.  Should Plaintiff fail to amend her complaint within the time permitted or

15              fail to address the deficiencies discussed in this Order, her claims will be dismissed

16              **WITH PREJUDICE**.

17

18         **IT IS SO ORDERED.**

19

20   **DATED:** 3/21/11

21                                                **IRMA E. GONZALEZ, Chief Judge**
                                                 **United States District Court**
22

23

24

25

26

27

28