UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE BEALL, FKA TEMPLIN<br><br>        Plaintiff,<br>v.<br><br>QUALITY LOAN SERVICE CORP.;<br>ONEWEST BANK, F.S.B.; DOES 1-10,<br><br>        Defendants. | Case No.: 10-CV-1900 (AJB) (WVG)<br><br>ORDER GRANTING ONEWEST BANK, F.S.B.'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE, AND DENYING AS MOOT QUALITY LOAN'S EX PARTE MOTION FOR ORDER EXCUSING QUALITY FROM FURTHER PARTICIPATION<br><br>[Doc. Nos. 42, 46, and 37, respectively] |

Before the Court is Defendant OneWest Bank, F.S.B.'s ("OneWest") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) [Doc. No. 42] and Plaintiff's Motion for Extension of Time to File Response [Doc. No. 46]. For the reasons set forth below, the Court grants OneWest's Motion to Dismiss and denies Plaintiff's Motion for Extension of Time.

**A. PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

On June 29, 2011, Plaintiff's attorney, Garry Harre, filed an Emergency Motion for Extension of Time to File Opposition to Motion to Dismiss and for Continuance of Hearing Because of Medical

1 Condition of Attorney Garry Harre. [Doc. No. 46.] According to Plaintiff's motion, Mr. Harre has been
2 suffering from a serious medical condition and asks that Defendant's Motion to Dismiss "not be granted
3 until Plaintiff is given time to file an Opposition and be heard on the merits of the case with an
4 Opposition considered by the Court or given an opportunity to retain new counsel and that Plaintiff be
5 granted leave to Amend the Complaint." [*Id.* at 2.] Subsequently, Plaintiff filed a response in
6 opposition to OneWest's Motion to Dismiss on her own behalf. Plaintiff is an attorney licensed by the
7 state of California who was initially proceeding *pro se* and thereafter substituted Mr. Harre as counsel.
8 Plaintiff informed the Court's law clerk that, although she had filed an opposition, she would still like a
9 continuance in order to acquire a new attorney.

10 Having considered Plaintiff's request along with the procedural history in this case, the Court is
11 disinclined to prolong this case further in order for Plaintiff to acquire a new attorney. Plaintiff's
12 attorney drafted her Second Amended Complaint ("SAC") and Plaintiff, an attorney herself, filed an
13 opposition to the Motion to Dismiss. The Court has all of the documentation necessary in order to
14 consider the sufficiency of the SAC. Plaintiff, an attorney licensed by the state of California, filed this
15 action *pro se* initially and thereafter substituted Mr. Harre as counsel. Judge Gonzalez pointed out the
16 deficiencies in Plaintiff's previous complaint and offered Plaintiff the opportunity to remedy those
17 deficiencies through amendment. However, as discussed more fully below, the SAC suffers from the
18 same deficiencies. Judge Gonzalez's order expressly stated that should Plaintiff's SAC fail to remedy
19 these deficiencies, her claims would be dismissed with prejudice. Plaintiff has twice now had the
20 opportunity to cure the defects in her complaint in order to survive a Rule 12(b)(6) motion and has been
21 unable to do so. At this point, granting Plaintiff a continuance would simply serve to prejudice the
22 Defendants by prolonging this matter when it does not appear that Plaintiff can successfully remedy her
23 complaint.

24 For the foregoing reasons, the Court DENIES Plaintiff's Motion for Extension of Time to File a
25 Response (Doc. No. 46).

**B. DEFENDANT'S MOTION TO DISMISS**

### FACTUAL BACKGROUND

Unless otherwise specified, the following facts are drawn from the Plaintiff's SAC. [Doc. No. 39.]

In July of 2003, Plaintiff entered a mortgage loan transaction with IndyMac Bank, F.S.B. ("IndyMac"), to purchase a single-family residence in Lake Elsinore, California. The loan was secured by a Deed of Trust on the property. On June 8, 2008, IndyMac went into Receivership with the Federal Deposit Insurance Corporation ("FDIC"). On March 19, 2009, the FDIC, as receiver for IndyMac transferred the servicing rights of Plaintiff's loan to OneWest. Plaintiff alleges that OneWest only received the servicing rights on her loan and not the underlying debt obligation.

Defendant Quality Loan Service Corp. (Quality) recorded a Notice of Default on May 25, 2010. On July 7, 2010, a Substitution of Trustee was recorded, substituting Quality for First American Title Insurance Company as Trustee under the Deed of Trust. [Doc. No. 42-2.] On August 27, 2010, Quality filed a Notice of Trustee's Sale and scheduled a foreclosure sale for September 17, 2010. [Doc. No. 42-2.]

### PROCEDURAL HISTORY

Plaintiff initiated this lawsuit *pro se* on September 13, 2010 against Defendant OneWest, the purported current beneficiary of the loan, and Defendant Quality, the purported current trustee. The original Complaint alleged twenty causes of actions, and included a motion for a temporary restraining order and preliminary injunction, requesting the Court to enjoin the scheduled foreclosure sale, which the Court denied.[1] [Doc. No. 4]

On January 10, 2011, Plaintiff filed a first amended complaint ("FAC"), alleging ten causes of actions. [Doc. No. 15.] One West moved to dismiss the FAC. [Doc. No. 16.] The Court granted the

---

[1] On February 20, 2011, in response to the FAC, Defendant Quality filed a declaration of nonmonetary status under CAL. CIV. CODE § 2924*l* as the trustee under the Deed of Trust. [Doc. No. 17] On March 07, 2011, Plaintiff filed their objection to the declaration. [Doc. No. 27.] However, this objection was filed after the statutorily imposed deadline of fifteen days and Quality filed an *ex parte* motion for an order excusing it from further participation. [Doc. No. 37.] Inasmuch as this order dismisses the entirety of the case, OneWest's *ex parte* motion is DENIED AS MOOT.

motion to dismiss with prejudice in regards to some claims and without prejudice in regards to the others. [Doc. No. 36.] The Court granted Plaintiff twenty days to amend her complaint in order to remedy the deficiencies identified in the order. The order further stated that should Plaintiff's SAC fail to remedy these deficiencies, her claims would be dismissed with prejudice.

On April 09, 2011, Plaintiff filed her SAC alleging five causes of action[2] that were dismissed without prejudice in the Court's previous order: (1) Quiet Title, (2) Violation of the Real Estate Settlement Procedures Act ("RESPA") § 2605, (3) Fraud, (4) Violation of the Truth in Lending Act ("TILA") 15 U.S.C. § 1641, and (5) Violation of California Civil Code §17200, against OneWest, Quality, and unnamed Doe Defendants 1-10.[3] [Doc. No. 39.] OneWest moved to dismiss the SAC. [Doc. No. 42.]

## LEGAL STANDARD

**i. Fed. R. Civ. P. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] While the cover page of the SAC lists a sixth cause of action as Wrongful Conveyance, Plaintiff's substantive discussion never addresses this claim. Therefore the Court will not consider the sixth cause of action listed on the cover page as it was not substantively pled within the body of the SAC.

[3] Throughout Plaintiff's SAC, Plaintiff appears to allege wrongdoing by other additional parties, though she has neither named those parties as Defendants nor served them with any documents related to this Action. The Court will not consider allegations against non-parties except insofar as the allegations are relevant to Plaintiff's claims against Defendants.

misconduct alleged." *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 129 S.Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

**ii. Fed. R. Civ. P. 9(b)**

Fraud claims must satisfy the particularity requirements of Rule 9(b). A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)). Federal Rule of Civil Procedure 9(b) requires that each of these elements be pleaded with particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392-93 (9th Cir. 1988). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); *see In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

**PLAINTIFF'S CAUSES OF ACTIONS**

**i. Quiet Title**

The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to." *Newman v. Cornelius*, 83 Cal. Rptr. 435, 437 (Ct. App. 1970); Cal. Civ. P. Code § 760.020(a). California law requires "a plaintiff seeking to quiet title in the face of a foreclosure [to] allege tender or an offer of tender of the amount borrowed." *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009) (citing *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984)); *Manown v. Cal-Western Reconveyance Corp.*, 2009 WL 2406335, at *6 (S.D. Ca. Aug. 4, 2009).

In the Court's previous order dismissing Plaintiff's FAC, the Court noted that Plaintiff failed to allege she is able or willing to tender the underlying debt, but gave Plaintiff leave to amend her Complaint to cure this defect. [Doc. No. 36.] However, Plaintiff's SAC also fails to allege she is able or willing to tender the underlying debt.[4] Seeing as this was Plaintiff's third failed attempt to properly plead a claim to quiet title, the Court dismisses Plaintiff's first cause of action for Quiet Title with prejudice.

**ii. Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 et seq.**

Plaintiff's SAC alleges a violation of RESPA and implies a another violation. First, Plaintiff alleges that OneWest failed to properly respond to a Qualified Written Request ("QWR"), in violation of § 2605(e). Second, though not directly stated, she alleges that "Defendants" received money and or things of value for referrals of settlement service business related to her loan and "conspired to overcharge for various 'services' and 'fees.'" [SAC ¶¶ 65-71.]

Plaintiff's first RESPA claim alleges that she sent a QWR on January 4, 2010 to Defendant "OneWest c/o IndyMac Mortgage Services." She claims she only received an "acknowledgment letter" in response but not any other responses to her QWR. [*Id.* ¶¶ 62-64.] Plaintiff also claims that on May 13, 2010 she mailed a Notice of Rescission, Demand for Validation, and CA Civil Code Demand to

---

[4] In her response to OneWest's Motion to Dismiss, Plaintiff argues that she need not allege tender in this instance because she is also alleging a violation of California Civil Code § 2923.5(a)(2). Inasmuch as Plaintiff's section 2923.5 claim was dismissed with prejudice in the Court's previous order dismissing the FAC, the Court need not address the merit of Plaintiff's contention.

OneWest. [*Id.* ¶ 65] On May 25, 2010, OneWest responded by declining her request to rescind the loan. [*Id.*¶ 69.] Plaintiff alleges that "Defendants engaged in a pattern or practice of non-compliance" with 12 U.S.C. § 2605, by failing to provide her with requested information, make corrections to her account, or explain why OneWest thought the account was correct. . .. [*Id.* ¶¶ 66, 71.]

Plaintiff's RESPA claim in her FAC was dismissed for failure to attach copies of her QWR thus not showing statements identifying the reasons why a borrower believes her account is in error.  12 U.S.C. § 2605(e)(1)(B).  It was also dismissed for failure to state facts showing how OneWest's alleged failure to respond to her QWR caused her to incur actual damages.  Plaintiff's current SAC fails to amend these defects cited by Judge Gonzalez.

Plaintiff's SAC claims to have attached a true and correct copy of said QWR letter as Exhibit F. [SAC, FN 18.]  However, Exhibit F is actually a response letter from OneWest stating they are not required to furnish beneficiary statements unless the request was made before the recording of a notice of default or within two months after the recording of the notice of default and describes the enclosed Executed Note that was signed by the parties. [Exhibit F.]  Plaintiff has not provided copies of the QWR to the Court, nor has she described the contents of the alleged QWR.  A QWR should include statements identifying the reasons why the borrower believes her account is in error.  12 U.S.C. § 2605(e)(1)(B).  The SAC does not describe any such statements in her QWR; it merely notes the purported titles of the documents.

Additionally, Plaintiff has again failed to state facts showing how OneWest's failure to respond to her QWR caused her to incur damages.  *See* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower . . . [for] any *actual damages* to the borrower as a result of the failure.") (emphasis added); *Rosenfeld v, JP Morgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 967 ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages."); *Lawther v. Onewest Bank*, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010) ("It is the plaintiff's pleading obligation to 'point to some colorable relationship between his injury and the actions or omissions that allegedly violated RESPA.'") (quoting *Allen v. United Fin. Mortg. Corp.*, 2010 WL 1135787, at *5 (N.D. Cal. Mar. 22, 2010)); *Caravantes v. Cal. Reconveyance Co.*, 2010 WL 4055560, at *4 (S.D. Cal. Oct. 14, 2010) ("To recover

actual damages under 12 U.S.C. § 2605(f)(1)(A), . . . a plaintiff must state allegations demonstrating pecuniary loss."). The SAC contains the same statement as the FAC, that "as a direct and proximate result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit." [SAC ¶ 72, FAC ¶ 102.] This statement was found to be insufficient when the Court dismissed her FAC and it remains insufficient in her SAC.

For these reasons, the Court dismisses this claim with prejudice insomuch as this is the third time Plaintiff has now raised and failed to sufficiently plead this claim.

In Plaintiff's second RESPA claim, Plaintiff alleges that unspecified Defendants "received money and/or things of value for referrals of settlement service business related to the Subject Loan, in addition to charging Plaintiff for services that were never rendered." [SAC ¶ 71]. Such a claim arises under 12 U.S.C. § 2607. Like the FAC, the SAC does not contain any specific facts related to this claim. Previously, Judge Gonzalez noted that Plaintiff failed to specify "which Defendant charged what fees or referred service business in exchange for something of value." [Doc. No. 46.] Plaintiff has not remedied this defect in the SAC. Without this information, the Court finds that Plaintiff does not provide either Defendant enough "notice of the particular misconduct.. . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)(internal quotation marks and citations omitted). Once again, Plaintiff's bare legal conclusions with no factual support are insufficient to state a claim under § 2607. *Gumbs v. Litton Loan Servicing*, 2010 WL 1992199, at *7-8 (E.D. Cal. May 13, 2010). Thus, the Court dismisses this claim with prejudice.

**iii. Fraud**

Under Rule 9(b) of the Federal Rules of Civil Procedure, allegations of fraud or mistake must be stated "with particularity." Within the Ninth Circuit, this rule "has been interpreted to mean the pleader must state the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation." *Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.*, 661 F.3d 1097, 1106 (9t Cir. 1981) (citations omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (finding that "averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged"). Furthermore, "[w]here multiple defendants

are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." *Ricon v. Ricontrust Co.*, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir. 1989)).

Plaintiff alleges that "Defendants made several representations . . . regarding material facts concerning a corporate assignment and beneficial ownership of her note . . . ." [SAC ¶ 73.] She claims that Defendant's defrauded her by representing they had a beneficial interest in the Note and the Deed of Trust and related ability to accept loan payments and to foreclose on her home. Plaintiff alleges that Defendants knew or should have known they had no such interests and were making false representations. [SAC ¶¶ 73-78.] Plaintiff claims that these representations induced her to make monthly payments in connection with the Subject Loan. [*Id.* ¶ 79.]

Plaintiff does not satisfy Rule 9(b)'s specificity requirement nor the Ninth Circuit's interpretation of Rule 9. She fails to specify which Defendant - OneWest or Quality - made what representations or to which Defendant she submitted payment. The SAC fails to provide adequate notice to either Defendants regarding their alleged misconduct such that they can defend themselves against her charges.    Additionally, in arguing OneWest is not the beneficiary of her Deed of Trust, Plaintiff points to
the FDIC's response to her request under the Freedom of Information Act ("FOIA") for information related to her loan. [SAC ¶¶ 46, 47.] In its response, the FDIC indicated that the servicing of the loan described in Plaintiff's FOIA request was transferred to OneWest Bank, FSB. [SAC ¶ 47.] Assuming Plaintiff made some payments toward her loan after January 21, 2010, it is difficult to see how payments to the servicer of her loan constitute damages; collecting monthly payments is one of the primary functions of a loan servicer. "'[F]raud without damage is not actionable' because it fails to state a cause of action. *Furia v. Helm*, 111 Cal. App. 4th 945, 956 (2003) (quoting *Billings v. Farm Development Co.*, 74 Cal. App. 254, 259 (1925)). Accordingly, the Court dismisses Plaintiff's fraud claim with prejudice.

**iv. Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200**

Plaintiff's UCL claims are predicated upon her allegations of fraud and violations of federal lending laws. [SAC ¶¶ 93-95.] Where those claims are deficient, Plaintiff's UCL claims also fail. *See Singh v. Wells Fargo Bank, N.A.*, 2009 WL 2365881, at *5 (N.D. Cal. 2009) (dismissing a UCL claim predicated on other failed claims). As discussed above (regarding RESPA) and below (regarding TILA), Plaintiff fails to state a claim under federal lending laws. Therefore, she also fails to state a derivative UCL claim.

Plaintiff's UCL claim predicated upon her fraud claim must also fail. To state a claim under the UCL, Plaintiff must allege actual damages. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 314 (2009) ("[A] private person has standing to sue [under the UCL] only if he or she 'has suffered injury in fact and has lost money or property as a result of such unfair competition.'") (quoting CAL. BUS. & PROF. CODE § 17204)). As discussed above regarding servicing rights, Plaintiff has failed to sufficiently allege damages resulting from any alleged fraud. Accordingly, Plaintiff's UCL claim is dismissed with prejudice.

**v. Violation of Truth in Lending Act, 15 U.S.C. § 1641**

Plaintiff alleges that Defendant violated 15 U.S.C. § 1641(g)(1) by failing to provide a Notice of New Creditor within thirty days after the FDIC purportedly transferred ownership to OneWest as required by TILA. [SAC ¶¶ 108-109.] Plaintiff does not assert how OneWest's failure to provide a Notice of New Creditor caused her to incur actual damages.

While Plaintiff alleges OneWest violated TILA, she does not allege any actual damage she incurred as a result of the violation. A creditor that fails to comply with any requirement imposed under § 1641(g)(1) only faces liability for "any *actual damage* sustained by such person as a result of the failure." See 15 U.S.C. § 1640(a)(1) (discussing civil liability) (emphasis added). Moreover, "in the case of an individual action," damages are limited to "twice the amount of any finance charge in connection with the transaction" and, in cases involving real property, "not less than $400 or greater than $4,000." *Id.* § 1640(a)(2)(A)(i), (iv). Plaintiff has not alleged any actual damages or finance charges related to OneWest's failure to provide the notice of assignment required under § 1641(g)(1).

1  This is the third time Plaintiff has failed to sufficiently plead a violation of TILA claim, therefore
2  this Court dismisses this claim with prejudice.

### CONCLUSION

For the reasons stated above, it is ORDERED that Defendant OneWest's Motion to Dismiss, [Doc. No. 42,] be, and it hereby is, GRANTED. It is further ORDERED that Plaintiff's claims be, and they hereby are, DISMISSED WITH PREJUDICE, as any further amendment is futile at this point.

IT IS SO ORDERED.

DATED: July 15, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge